In the Matter of the Several Accountings of the Executors of WILLIAM TILDEN, deceased.*

An application to open or vacate a surrogate's decree, settling the accounts of an executor, is a special proceeding, and when commenced after September 1, 1880, its prosecution and the effect thereof is to be governed by the Code of Civil Procedure (§ 3347, subd. 8), not by the law in force when the decree was rendered.

* The opinion in this case was upon motion for re-argument recalled and corrected in some particulars. It appears as corrected.

The words "other sufficient cause" in the provision of the Code limiting the power conferred upon the surrogate upon such an application to cases of "fraud, newly-discovered evidence, clerical error or other sufficient cause" (Code, § 2481, subd. 6), mean causes of like nature with those specifically named.

The causes so referred to are analogous to those specified in the provisions of said Code, limiting the time within which certain motions may be made to set aside judgments (§§ 1282, 1283, 1290, 1291), i. e., for "irregularity" or "error in fact, not arising upon the trial."

Those provisions were intended to embrace all grounds of relief not included in regular proceedings for review upon appeal, or which are not attain- able by action to vacate judgments and decrees.

As, therefore, the power of the surrogate "must be exercised only in a like case, and in the same manner as a court of record and of general jurisdiction exercises the same powers" (Code, § 2481, subd. 6), the limitations of those provisions apply to such an application to a sur- rogate when fraud or collusion is not alleged.

The surrogate has no jurisdiction to vacate such a decree on the ground of errors of fact not appearing on the record, on the application of a party who was a minor at the time the decree was rendered, when the application is made more than two years after the minor became of age; and, when the infancy or some irregularity is the ground of the appli- cation, it must be made within one year.

An order vacating such a decree is a final order; its allowance is within the discretion of the court below in cases where the court has jurisdiction; if the court has no jurisdiction it is reviewable here.

Where there have been several accountings of executors, and it appears that each subsequent accounting was based upon the result as found upon the preceding one, that the validity of each previous account- ing was unchallenged by any objection upon the one next succeeding, and that the last accounting was based upon a citation duly issued and served upon the parties interested, and upon proceedings regularly conducted, it is binding and conclusive upon all of the parties as to the validity of the prior decrees.

(Argued March 3, 1885 ; decided March 10, 1885.)

*67 How Pr 447. 6 Cio Pro 15 reversed*

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 15, 1885, which reversed a decree of the surrogate of the county of New York, denying a motion to vacate certain decrees theretofore made by said surrogate upon accountings of the executors of William Tilden, deceased, and which vacated and set aside said decrees, so far as they affected Beverly B. Tilden, the petitioner.

The material facts are stated in the opinion.

*Samuel Hand* for appellants. Neither the surrogate nor the Supreme Court had power upon a proceeding of this nature, on a mere motion, to be heard on affidavits, to set aside the decrees in question, because the time allowed for that purpose by the statute had expired before the application was made. (Code, §§ 1282, 1291; *In re Becker*, 28 Hun, 207; 2 R. S. 94, §§ 61, 64; id. 220, § 1; S. L., 1874, p. 178; Dayton on Surr. [3d ed.] 506; *Kellett* v. *Rathbun*, 4 Paige, 102; *McMurray* v. *McMurray*, 9 Abb. [N. S.] 315; 66 N. Y. 175; *De Witt* v. *Post*, 11 Johns. 460; *Harris* v. *Youman*, 1 Hoffm. Ch. 178; *Mills* v. *Denio*, 3 Johns. Ch. 367; Freeman on Judg., § 151; *Brick's Estate*, 15 Abb. Pr. 12.) Where it has jurisdiction, the Supreme Court may, in its discretion, direct a hearing at its own bar or before the surrogate. (Code, § 2586.) The issues presented by the petition and answer in this case cannot be sustained. (*Christy* v. *Clarke*, 45 Barb. 539; *Dobke* v. *McClaren*, 41 id. 491.)

*W. S. Macfarlane* for respondent. The General Term had power to make the order of March 7, 1884, opening the decrees, etc., as had the surrogate, if he had chosen to do so. (Code, § 2481, subd. 6; § 3347, subd. 11; Redfield on Surr. [2d ed.] 792; *Sutton* v. *Ray*, 72 N. Y. 483; *Christy* v. *Clarke*, 45 Barb. 529; *Schenck* v. *Dart*, 22 N. Y. 420; *Robinson* v. *Raynor*, 28 id. 494; *Clapp* v. *Fullerton*, 34 id. 190; *Matter of Cottrell*, 95 id. 329; *Clayton* v. *Wardell*, 2 Bradf. 1; *Pew* v. *Castings*, 1 Barb. Ch. 452; *Gardner* v. *Gardner*, 7 Paige, 112; *Smith* v. *Rathbun*, 88 N. Y. 660; Laws of 1870, chap. 359; 2 R. S. 221, as amended by Laws of 1837, chap. 460, § 71.) There was want of jurisdiction in the surrogate to make the first and third decrees, because the service of citation on petitioner was in each case too short, and wholly irregular. (*Bloom* v. *Burdick*, 1 Hill, 130; *Corwin* v. *Merritt*, 3 Barb. 341; *Ingersoll* v. *Mangam*, 84 N. Y. 622; 2 R. S. 94, § 62; 3 R. S. [6th ed.] 102, § 76; *Peck* v. *Cook*, 41 Barb. 549; *Bixby* v. *Smith*, 3 Hun, 60; *Market Bk.* v. *Pacific Bk.*, 89 N. Y. 397.) Under any state of the law, either the Revised Statutes, the statute of 1870, or the

present Code, the grounds for opening the decrees were within the power of the court. (*Pew* v. *Hastings*, 1 Barb. Ch. 452 ; *Sipperly* v. *Baucus*, 24 N. Y. 46 ; *Brick's Estate*, 15 Abb. Pr. 13 ; *Kellett* v. *Rathbun*, 4 Paige, 102 ; *Bloom* v. *Burdick*, 1 Hill, 139 ; *Matter of Becker*, 28 Hun, 208 ; *Ingersoll* v. *Mangam*, 84 N. Y. 622 ; *Crogan* y. *Livingston*, 17 id. 219 ; Dayton on Surr. [3d ed.] 506 ; *Dobke* v. *McClaran*, 41 Barb. 491 ; *Matter of Cohen*, 58 How. Pr. 498.) The surrogate had ample power to appoint a special guardian prior to statute 1874, chapter 156, arising out of·the necessities of the situation. (*Kellett* v. *Rathbun*, 4 Paige, 102.) The court had power to grant the relief on summary motion. (*Howell* v. *Mills*, 53 N. Y. 322.) Unless the petitioner could show fraud, he would probably have no right to bring action. Summary motion would be his only remedy. (*McCotter* v. *Jay*, 30 N. Y. 80 ; *Howell* v. *Mills*, 53 id. 333 ; *Keck* v. *Werder*, 86 id. 264 ; *Foote* v. *Lathrop*, 41 id. 358 ; *Ferris* v. *Ferris*, 56 id. 614 ; *Beards* v. *Wheeler*, 76 id. 213 ; Laws of 1870, chap. 359 ; Code, § 2481, subd. 6.) The objection interposed by the executors that absence of a special guardian was an error, in fact, and must be moved for within two years after the coming of age, whereas petitioner waited two years and three months before bringing his petition, is not sound. (*Matter of Becker*, 28 Hun, 207 ; *Sipperly* v. *Baucus*, 24 N. Y. 46 ; *Howell* v. *Mills*, 53 id. 322.) The objection is obviated by the non-acquisition of jurisdiction by the court on the first accounting. (*Bloom* v. *Burdick*, 1 Hill, 130 ; *Ingersoll* v. *Mangam*, 84 N. Y. 622.) The executors waived the point by a failure to plead it. (Code of Civil Pro., § 413 ; *Van Vleek* v. *Burroughs*, 6 Barb. 341 ; *Smith* v. *Remington*, 42 id. 75.) The application of petitioner is really to the equitable discretion of the court. (*Howell* v. *Mills*, 53 N. Y. 322 ; *McCotter* v. *Jay*, 30 id. 80 ; *Keck* v. *Werder*, 86 id. 264 ; *Granger* v. *Craig*, 85 id. 619 ; *Peck* v. *N. Y. & N. J. R. R.*, id. 246 ; *Vanderbilt* v. *Schreyer*, 81 id. 646 ; *Fisher* v. *Gould*, id. 228 ; *Martinhoff* v. *Martinhoff*, id. 641 ; *Hatch* v. *Cent. Nat. Bk.*, 78 id. 488 ; *Matter of City of Buffalo*, id. 362 ; *Beards* v.

*Wheeler,* 76 id. 213; *Tucker* v. *Leland,* 75 id. 186; *Bough-ton* v. *Flint,* 74 id. 476; *Lawrence* v. *Farley,* 73 id. 187; *Livermore* v. *Bainbridge,* 56 id. 72; *Foote* v. *Lathrop,* 41 id. 358; *Dinsmore* v. *Adams,* 5 Hun, 149; *Leonard* v. *Mulry,* 93 N. Y. 393; *Winter* v. *Eckert,* id. 397.) If the General Term had power to make the order of March 7, 1884, this court has no jurisdiction of this appeal. Appellants must show that the General Term made the order on a ground that did not authorize it to exercise its discretion. (*Cushman* v. *Brundrett,* 50 N. Y. 296; *Tracy* v. *Altmyer,* 46 id. 598; *Tilton* v. *Beecher,* 59 id. 176; *Fisher* v. *Gould,* 81 id. 228; *Peck* v. *R. R.,* 85 id. 246.) It was a discretionary order by the General Term, and so not appealable. (*Keck* v. *Werder,* 86 N. Y. 264; *Boughton* v. *Flint,* 74 id. 476; *People* v. *N. Y. C. R. R.,* 29 id. 418; *Vanderbilt* v. *Schreyer,* 81 id. 646.) The only legal or substantial right, therefore, that the executors have at present is to resist the objections when filed. Their right of appeal to this court does not arise until after a hearing and determination of the objections. (*People* v. *N. Y. C. R. R.,* 29 N. Y. 418; *Foote* v. *Lathrop,* 41 id. 361; *Whitney* v. *Townsend,* 67 id. 40.) The order appealed from affects really only the mode of relief. (*Van Slyck* v. *Hyatt,* 46 N. Y. 260; *Arthur* v. *Griswold,* 60 id. 140.) The order is not final. (Code of Civ. Pro., § 2550; *Dows* v. *Condon,* 28 N. Y. 122; *People* v. *N. Y. C. R. R.,* 29 id. 418; *Talbot* v. *Talbot,* 23 id. 17; *Sutton* v. *Ray,* 72 id. 483.) There is nothing appealable to this court in the orders of October 9, 1884, and of January 15, 1885, which merely deny applications for reargument. (*Fleischmann* v. *Stern,* 90 N. Y. 110; *Lewis* v. *Greider,* 51 id. 231; *Selden* v. *D. & H. Canal Co.,* 29 id. 634.)

RUGER, Ch. J. The jurisdiction of the court to entertain this appeal is questioned upon two grounds, viz.:

*First.* That the order appealed from is not final; and

*Second.* That its allowance rested in the discretion of the court below, and is not reviewable here.

We think the first ground is not tenable. The proceeding

terminating in the orders appealed from contemplated one re-
sult only, viz. : the annulment and vacation of the several de-
crees of the surrogate challenged by the petitioner.   No other
relief was sought, and although its allowance might involve
other proceedings, they were ulterior and altogether discon-
nected from that pending.   Such subsequent proceedings, if
instituted, would in no sense be founded upon the relief
granted in this proceeding ; but the granting of such relief
would simply remove defenses which might otherwise be made
to such subsequent proceedings.   The order setting aside the
decrees was the necessary termination of the proceeding, and
rendered it a final order within the meaning and intent of the
statute.

   The validity of the second objection depends upon the
power of the court below to vacate the decrees.   Assuming the
existence of such power, the order was wholly discretionary,
and, therefore, not reviewable here.

   We are of the opinion, however, that the power did not
exist.   The decrees sought to be vacated were made by the
surrogate upon several accountings had on May 25, 1872, July
30, 1874, June 7, 1877, April 30, 1880, respectively.   The pe-
titioner alleges the actual service of a citation in each and all
of the accountings, and that such service was duly made upon
him for each of the hearings, resulting in the last three decrees.
Each decree recites due service of a citation, not only upon
the petitioner, but also upon his general guardian for each of
the accountings.   The last three decrees each recite the ap-
pointment of a special guardian, duly made to protect the in-
terests of the petitioner, and the last decree shows that such
guardian was appointed upon the personal request of the
petitioner.   These circumstances, together with a sworn pe-
tition, alleging the jurisdictional facts upon which the account-
ings were based, afforded such evidence of the proper service
of citations, and of the regularity of the proceedings, as
could under the Code of Civil Procedure be impeached
by proof of fraud or collusion only.   (§§ 2473, 2474.)   The
petitioner was of the age of twelve, fourteen, seventeen and

twenty years when the respective decrees were made, and arrived at the age of twenty-one on the 10th day of December, 1880. The petition for the order vacating such decrees was filed before the surrogate on March 31, 1883, more than two and a quarter years after he had arrived at majority, and about three years after the last decree was made. · He alleges that in the various accountings had before the surrogate, numerous items for disbursements and expenses made during his minority were erroneously charged, to his account by the executors, and various items were erroneously credited, on the accounts, and allowed by the surrogate in the several decrees to one of the executors.

The affidavits and proof in the case render it probable that these allegations in some respects might be sustained by evidence upon a new accounting ; but the question arises, whether the petitioner's right to such an accounting is not barred by the statute.

The surrogate dismissed the petition, but the General Term reversed his decision and set aside and vacated all of the surrogate's decrees, so far as they affected the petitioner, upon the ground of his minority, and for alleged irregularities in the service of the citations for the first accounting, the non-appointment of a special guardian for petitioner for the third accounting, and upon the further ground that it presumptively appeared from the moving papers that the petitioner had suffered injustice by the decrees in question. · No question was made as to the regularity of the proceedings on the second and fourth accountings. No allegation or evidence of fraud or collusion in any of such accountings was suggested upon the hearing below or in this court, nor was there any complaint that the moneys charged by the executors against the estate were not actually paid by them as alleged in the several accounts.

It appeared that, upon the various accountings before the surrogate, each subsequent account was based upon the one preceding, and that the balance of assets found and adjudged to be in the hands of the executor by the prior decree was made

the foundation of the next account. It would thus appear that the validity of each previous account and decree, being unchallenged by any objection, was assumed and adjudged, to be correct in each succeeding accounting and judgment. The balance appearing by the third decree was upon the fourth accounting stated in the account as the just and true amount of the assets in the hands of the executors at the date of that decree; and any of the heirs or legatees might have controverted that allegation if any reason existed why the decree fixing that amount, was not binding upon him. It follows that each successive decree instituted upon citations, duly issued and served upon the parties interested in the estate whether adults or minors, and based upon proceedings regularly conducted, was binding and conclusive upon each of such persons, as to the validity of any prior decree which entered into and was made the basis of the subsequent accounting. There can be no doubt that these various decrees were binding upon all of the adult heirs and legatees who were duly cited to appear, and that they have been set aside as to the petitioner solely on account of the alleged irregularities, and the incapacity of the petitioner, presumed to follow from his minority.

The question then arises whether his minority, and the other causes alleged constituted a sufficient reason why decrees taken against him under proceedings regularly conducted in all respects should be vacated and annulled.

The statute provides a method by which errors, occurring on a trial or proceeding before a surrogate, shall be reviewed and corrected; but this is not claimed to be such a proceeding, and is not, therefore, affected by those provisions. (Chap. 18, title 2, art. 4, §§ 2568-2589.) An examination of the facts disclosed by the petition indicates that it was intended to bring the case within the power conferred by section 2481 of the Code of Civil Procedure upon the surrogate, and if it be sustainable at all, must we think be so, by virtue of that section.

That was the theory upon which the court below proceeded in reversing the order of the surrogate, and the argu-

ment before us was conducted by counsel for the respective parties upon the same assumption.

We think that section was clearly applicable to the proceedings. The rule governing its determination, must be that which was in force at the time it was instituted, and not that which prevailed when the decrees assailed, were respectively made. The application for the relief in question was a special proceeding, commenced after September 1, 1880, and its prosecution and the effect thereof must, by the express terms of subdivision 8, section 3347, be governed by the law as it existed on September 1, 1880. We are, therefore, to inquire what power the surrogate had under that section. It provides that he has power " to open, vacate, modify or set aside, or to enter as of a former time a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical errors or other sufficient cause. The power conferred by this subdivision must be exercised only in a like case, and in the same manner as a court of *record and of general jurisdiction exercises the same powers.*" It is further provided that the General Term of the Supreme Court has, upon appeal from an order made under this provision, the same power as the surrogate had to grant or deny the same.

It would, therefore, seem that the power conferred upon the surrogate was limited to cases of " fraud, newly-discovered evidence, clerical errors or other sufficient cause," and would preclude him from exercising the jurisdiction conferred by that section for other causes. Under settled rules of interpretation the words " or other sufficient cause " must be interpreted to mean causes of like nature with those specifically named. The maxim *"noscitur a sociis"* applies, and limits the signification of the general phrase. (*McGaffin* v. *City of Cohoes*, 74 N. Y. 387.) But going still further we find, in determining the extent of the power of the surrogate, that we are by the section in question limited to the practice pursued by courts of record of general jurisdiction in vacating their judgments, for the causes referred to in this section.

To review the decisions of those courts for errors committed

upon the trial of actions therein, detailed proceedings are also provided by statute, and a right of review depends upon a strict compliance with such provisions.   There is no claim made that these provisions have been followed in this proceeding.   Other cases in which relief may be obtained upon motion for irregularities and errors of fact, not arising upon the trial, are provided by the Code, and those provisions, we think, are intended to embrace all of the grounds for relief not included in regular proceedings for review upon appeal, and those which are not attainable by an action to vacate and set aside judgments and decrees.   Thus it is provided that motions may be entertained in courts of record to set aside judgments for irregularity, but the time within which this may be done is limited to one year after the filing of the judgment-roll (§ 1282).

It is also provided that a like motion may be made to set aside a final judgment, for error in fact, not arising upon the trial, but this relief must be sought within two years from the filing of the judgment-rolls (§§ 1283 and 1290).   In case the person against whom the judgment is rendered is within the age of twenty-one years at the time of its filing, the time of such disability is not counted as a part of the time limited by section 1290 for the commencement of the proceedings for relief, except that such disability can in no case extend the time beyond five years, or more than one year after such disability ceases.   Relief from judgments regularly taken against minors, for errors of fact not arising upon the trial must be applied for within one year after the minor reaches his majority, provided the two years limitation has then expired, and the necessary implication from this requirement is that after that time no relief can be had by motion in the cases mentioned in the statute.

It was well settled under the former practice of the court that the minority of a party to an action, when urged as the ground of a proceeding to set aside a judgment or decree rendered against him, constituted an error of fact which might be alleged and proved *dehors* the record.   The fact of infancy could formerly be taken advantage of by writ of error, or according to the English practice by an original bill impeaching

the decree rendered against the minor for fraud or collusion, or that no day had been given to him to show cause against it. (*McMurray* v. *McMurray*, 66 N. Y. 175 ; *Arnold* v. *Sandford*, 14 Johns. 417 ; *Peck* v. *Coler*, 20 Hun, 534.) In the case of *Woods* v. *Pangburn* (75 N. Y. 495), it was held that the General Term of the Supreme Court had no power to set aside a regular judgment which had not been paid. This court held in *Dinsmore* v. *Adams* (66 N. Y. 618), that a motion to vacate a judgment taken by default, on the ground of mistake, inadvertence, surprise or excusable neglect, made after a delay of one year from the time of its entry, was barred by the provisions of section 174 of the Code of Procedure, although such provisions did not apply to a similar motion based upon fraud.

The causes for which decrees may be vacated under section 2481 are analogous to those enumerated in sections 1282 and 1283, and seem to us to be governed by the limitations imposed, therein except in cases where fraud and collusion are made the ground of the application.

An application to set aside a judgment, on the ground of fraud or collusion, or as being void for any reason, or because the court has not acquired jurisdiction of the person against whom it is rendered, is of course not governed by those limitations (*Foote* v. *Lathrop*, 41 N. Y. 359), but when the ground of relief is the infancy of the party applying, or the existence of irregularities in the course of proceeding, we think the application is analogous to that provided for by section 2481, and is governed by the provisions of sections 1283 and 1290, and should, therefore, if two years have expired from the entry of the decree, be made within one year after the minor arrives at the age of twenty-one years.

It follows from these views that the orders of the General Term appealed from should be reversed, and that of the surrogate affirmed, with costs.

All concur.

Ordered accordingly