RICHARD W. HURLBUT, APPELLANT, *v.* MARGARET J. COMAN AND OTHERS, RESPONDENTS.

*Motion to set aside a judgment on the ground of fraud — the limit fixed by section 1290 of the Code of Civil Procedure is not applicable to it.*

Section 1290 of the Code of Civil Procedure, limiting the time within which motions to set aside a final judgment should be made to two years from the filing of the judgment-roll, does not apply to a motion made to set aside a judgment upon the ground that it was obtained by fraud.

APPEAL by the plaintiff from an order vacating because of fraud, a judgment, entered in this action on November 9, 1866

*W. W. Goodrich*, for the appellant.

*S. Untermeyer*, for the respondents.

BRADY, J.:

The various statements made on behalf of the respondents, for the purpose of establishing fraud and imposition practiced upon Mrs. Coman and the infant defendants, may be regarded as substan-

tially admitted; and, without going into any detail here in their presentation, inasmuch as the whole matter must be the subject of a more formal investigation, it is sufficient to say that they fully justified the exercise of the power of the court in vacating the judgment. If, however, the suggestion that these allegations are substantially admitted is incorrect, it must be said that they are abundantly established, and the result would be the same.

The only question of any significance which is set forth by the record is whether or not the limit created by section 1290 of the Code is applicable to the motion from which this appeal springs. It provides that a motion to set aside a final judgment for error in fact, not arising upon the trial, shall not be heard except as specified in section 1291, after the expiration of two years from the filing of the judgment record. The exceptions contained in section 1291 relate to persons against whom the judgment is rendered and who at the time of the filing thereof are either within the age of twenty-one years or insane, or imprisoned on a criminal charge, or under execution upon conviction of a criminal offense for a term less than for life. None of these exceptions apply to this case, inasmuch as the motion was made upon the ground of fraud and granted for the reason that the charges made were established.

It might perhaps be instructive and useful, to array the cases in which the Supreme Court has asserted its power over its own records to modify, amend or vacate them, independently of any special authority conferred by statute. But it is not deemed necessary to do more than to refer to a case in which the Court of Appeals have plainly intimated that section 1290, does not apply to a proceeding like the one in hand. (*Matter of Tilden*, 98 N. Y. 444.) In that appeal various section, of the Code limiting proceedings under them were considered, and it was said that they would govern, except in cases where fraud and collusion were made the ground of the proceedings. And the court then proceeded to say : "An application to set aside a judgment on the ground of fraud or collusion, or as being void for any reason, or because the court has not acquired jurisdiction of the person against whom it is rendered, is, of course, not governed by those limitations. But when the ground of relief is the infancy of the party applying or the existence of irregularities in the course of proceeding, we think the application is analogous to that provided by section 2481, and is governed by the provisions

of sections 1283 and 1290, and should, therefore, if two years have expired from the entry of the decree, be made within one year after the minor arrives at the age of twenty-one."

Starting, therefore, with the proposition asserted that this court has an inherent power over its own records, and could not be deprived of the right, especially where the parties remain the same, to correct a fraud perpetrated through its process, and impressed with the various suggestions made in the case cited, there seems to be no other conclusion justifiable than that section 1290 was not intended to restrict the court in the exercise of its jurisdiction to the limit therein contained, but to leave the asserted and certain power of the tribunal in cases of fraud as it was and had been from its organization.

For these reasons, without going into any elaborate discussion of the subject, we think the order should be affirmed.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed.