Landon, P. J.
The will of the testator directed the executor to invest immediately $2,500, and pay the interest semi-annually to Mary O’Neil during her life, and the principal upon her death to her daughters, Jane 0. Lake and Mary D. Gunn.
The executor did not invest the principal, but used it himself, and paid the interest semi-annually to Mary O’Neil from 1868 to 1875, when she died, and the executor in the same year paid the principal to Jane 0. Lake and Mary D. Gunn.
Upon his final accounting, October 4, 1886, the surrogate found that the executor had a balance of $2,096.43, distributable among the residuary legatees, and he decreed *420 that $59,72 thereof be paid by the executor to Jane 0. Lake and an equal sum to Mary D. Gunn.
In April, 1887, the executor presented a petition to the surrogate, the successor of the officer who made the decree, alleging that no allowance was made in the decree upon the said $2,500, and the interest thereon. Why it was not made the petition does not state, and the case does not show.
Nor does it appear upon what sums the executor did receive or retain commissions. The surrogate opened and amended the decree so far as to allow the executor commissions enough to equal the sums payable under the decree to Jane 0. Lake and Mary D. Gunn, and to set such commissions off against their said shares, and to decree that nothing was payable to them upon account thereof.
No case was made justifying the opening or modification of the decree. Section 2481, subdivision 6, Code Civil Procedure, expressly directs the surrogate not to do either, except “in a like case and in the same manner, as a court of record and of general jurisdiction exercises the same powers.”
The courts have frequently called attention to the care with which the power must be exercised, and not infrequently have corrected its inconsiderate use. Matter of Tilden’s executors, 98 N. Y., 434; Matter of Hawley, 100 id., 206; Matter of Kranz, 41 Hun, 463; Matter of Dey Ermand, 24 Hun, 1.
No court of general jurisdiction would permit its decree to be opened upon the mere suggestion or proof of one of the parties that some item of credit was not allowed him. When a party has had his day in court, he must show that it was not his fault that he did not improve it, before he can get another day on the same matter.
The order should be reversed with ten dollars costs, and printing disbursements.
Fish and Parker, JJ., concur.