Bartlett, J.
This appeal is based on the proposition that an accounting of an executor or testamentary trustee in a surrogate’s court where there is an omission to cite some of the persons interested in the estate is wholly void, ■even as between those interested parties who are cited and .appear in the proceeding without in any manner objecting to its validity or regularity.
The learned counsel for the appellants refers us to no ■case which enunciates this doctrine, but argues that such is the effect of the various statutes relating to the settlement of the accounts of executors and testamentary trustees in the surrogate’s court, in view of the limited jurisdiction of that tribunal.
If this contention is correct, it would seem to follow that a score of persons might participate without objection in an accounting, lasting for months and perhaps for years, and if it turned out after a decree that a single person who. ■ought to have been cited was overlooked and not cited at all, none of the actual litigants would be bound by the adjudication of the surrogate, even as between themselves.
A. construction which would lead to such and similar results is not to be adopted unless plainly required by the language of the legislature. We think the statutory provisions under consideration here are capable of a more reasonable interpretation, and that as between the persons interested in an estate who are cited and appear upon the accounting of an executor or testamentary trustee before the surrogate, the decree in such proceeding is binding, and is not rendered ineffectual so far as the accounting relates to the rights of the parties actually represented as against one another, by the omission to cite other persons having an interest in the estate.
*161 Speaking of decrees upon an executor’s accountings, the court of appeals say in the Matter of Tilden (98 N. Y., 434, 441): “There can be no doubt that these various decrees were binding upon all of the adult heirs and legatees who were duly cited to appear, thus clearly implying that there might have been an omission to cite others, and yet the proceedings as to these parties would have been valid.
So, in the present case we think the appellants were bound by the decrees of the surrogate’s court in the several accountings to which they were properly cited, relating to the estate in which they have a life interest, notwithstanding the failure to cite the parties who will become entitled to the property upon the termination of the life estates.
The interlocutory judgment and the orders appealed from must therefore be affirmed, with costs.
Van Brunt, P. J., and Macomber, J., concur.