(60 Misc. Rep. 150.)

## PEOPLE v. SANTA CLARA LUMBER CO.

(Supreme Court, Special Term, Franklin County. July, 1908.)

1. ATTORNEY GENERAL (§ 7*)—AUTHORITY—SUBSTITUTION FOR COUNSEL FOR STATE BOARD.

The Attorney General has not the right to be substituted as attorney for the Forest, Fish, and Game Commission in place of special counsel employed by the commission, in an action by it for trespass on the forest preserve.

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. § 8; Dec. Dig. § 7.*]

2. WOODS AND FORESTS (§ 8*)—TRESPASS ON PRESERVE—ACTIONS—SETTLEMENT —"ACTION"—"SPECIAL PROCEEDING."

An action by the Forest, Fish, and Game Commission for trespass on the forest preserve is not a suit or special proceeding within Laws 1897, p. 98, c. 220, § 20, as amended by Laws 1898, p. 264, c. 135, § 20, authorizing the forest preserve board to bring an action or special proceeding for certain purposes and the provision of that section permitting the forest preserve board to settle and compromise any action or special proceeding authorized thereby furnishes no authority to the Forest, Fish, and Game Commissioner to settle such action.

[Ed. Note.—For other cases, see Woods and Forests, Dec. Dig. § 8.*]

For other definitions, see Words and Phrases, vol. 1, pp. 128–140; · vol. 8, p. 7563; vol. 7, pp. 6586–6590; vol. 8, pp. 7802–7803.]

3. JUDGMENT (§ 386*)—SETTING ASIDE—LIMITATIONS.

A motion to set aside a stipulation for the settlement of an action and the judgment and proceedings thereon because collusive and illegal is addressed to the inherent power of the court to control its own proceedings and judgments, and is not controlled by Code Civ. Proc. § 1282, requiring a motion to set aside a judgment for irregularity to be made within a year, or by section 1290, requiring a motion to set aside a judgment for error in fact not arising upon the trial to be made within two years.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 735; Dec. Dig. § 386.*]

4. STIPULATIONS (§ 13*)—SETTING ASIDE—CONDITION PRECEDENT.

A tender of restitution will not be required as a condition precedent to a motion to vacate a stipulation, where it is only after the motion is decided that it can be known whether or not the stipulation can be vacated and restitution made.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 13.*]

5. STIPULATIONS (§ 13*)—SETTING ASIDE—RESTITUTION.

Under Code Civ. Proc. § 1292, providing that, where a judgment is set aside, the court may direct and enforce restitution in like manner, as where judgment is reversed on appeal, and section 1323 providing for restitution on reversal or modification of a judgment on appeal, the state, on vacation of a stipulation and the settlement of an action for trespass on the forest preserve and the judgment founded thereon, must make restitution of all received under the stipulation and settlement.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 13.*]

Action by the People against the Santa Clara Lumber Company for trespass upon state lands. The Attorney General moved for an order vacating and setting aside a stipulation for a settlement of the action and for an order substituting himself as attorney for plaintiff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Finding against the right of the Attorney General to be substituted as attorney for plaintiff, and that the stipulation, order, and judgment founded thereon should be vacated and set aside.

See, also, 126 App. Div. 616, 110 N. Y. Supp. 280.

W. S. Jackson, Atty. Gen. (William F. Mackey, of counsel), for the motion.

J. K. Ward, for Forest, Fish, and Game Commission.

John P. Badger, for defendant.

VAN KIRK, J.   This motion is made by the Attorney General for an order vacating and setting aside the stipulation or agreement entered into in the above-entitled action by and between D. C. Middleton, Forest, Fish, and Game Commissioner, and Badger & Cantwell, attorneys for the defendant, and the order granted thereunder on the 6th day of December, 1904, and the judgment dismissing the complaint, entered thereon in Franklin county in December, 1904, and for an order substituting the Attorney General as attorney for the plaintiff herein in place of Lewis & McKay, attorneys of record, and vacating and setting aside all proceedings subsequent to the service of the defendant's answer, and striking out the answer as sham and false, and directing judgment in favor of the plaintiff for the amount demanded in the complaint, and for such further order as to the court may seem proper.

In May, 1907, this motion came before me at the Special Term. At that time it was decided that the Attorney General had not the right to be substituted as the attorney for the Forest, Fish, and Game Commission, and therefore had not the right to make the motion to vacate the judgment.   The Attorney General in open court refused the request of Mr. Ward, who appeared as the attorney for the Forest, Fish, and Game Commission, to act with him in asking to have the said judgment vacated, because the Attorney General wished, as he said, to raise sharply the question whether he had the absolute and exclusive right to prosecute and defend every action and proceeding in which the people were interested, and insisted that the statute authorizing the Forest, Fish, and Game Commission to employ an attorney to prosecute the action in question was unconstitutional.   It seemed to me that the Attorney General was justified in asking to have this question determined pointedly, and I attempted to make a decision accordingly.   Having asked to be substituted and having refused to appear except by virtue of his absolute and exclusive right to be substituted as attorney for the motion, and considering also that the part of the motion addressed to the vacating of the judgment, etc., had been almost neglected on the argument, the motion to vacate, etc., was denied, without prejudice, and the motion for an order of substitution was denied without qualification.

The Appellate Division has reversed the entire order, and has held that the Attorney General, as the general law officer of the state, is a proper person to bring before the court a consideration of the rights of a state board to make a stipulation adjusting and settling an action in which the people were interested.   This position, having been re-

pudiated by the Attorney General at the Special Term, was not passed upon; but the position was apparently taken by the Attorney General in the Appellate Division, and the Attorney General now states, in answer to inquiry by the court as to how he comes here and what his present position is, that he comes under the order of the Appellate Division. I understood that the Appellate Division has concurred in the holding at the Special Term that the Attorney General has not the right to be substituted as the attorney for the Forest, Fish, and Game Commission, and that part of this motion is again denied.

Mr. Ward, the attorney for the Forest, Fish, and Game Commission, joined with the Attorney General in that part of the motion addressed to the vacating of the stipulation, judgment, etc. The material facts are as follows: The Forest, Fish, and Game Commission began this action in the name of the people of the state of New York, May 31, 1904. The complaint sets forth that at all the times mentioned therein the plaintiffs were the owners of lot No. 1 and the west half of lot No. 3, in the northwest quarter of township 27, Franklin county; that during the months of June and July, 1903, the defendant wrongfully entered into and upon the premises and cut and removed therefrom 835 cedar trees then growing upon the premises; and that said trees were of the value of $8,350. Wherefore plaintiff demanded judgment against the defendant for the sum of $8,350, with interest. The answer denies all of the allegations of the complaint, except that the action is brought by the Forest, Fish, and Game Commission on behalf of the plaintiff, and that a demand was made upon the defendant for payment. The answer alleges that one Ferris J. Meigs was and still is the lawful owner of the premises described and had the right to cut the trees; that the defendant, with permission from Meigs, did cut the 835 cedar trees and had the right to do so. Therefore the defendant demands judgment, dismissing the complaint. Under the title of the action a stipulation, signed by D. C. Middleton, Forest, Fish, and Game Commissioner, and Badger & Cantwell, defendant's attorneys, was entered into for the settlement of the action upon the terms and conditions stated therein, involving the dismissal of the complaint on the merits and the confirmation of the title of the land described in the complaint in the present holder or holders thereof as against the claim of the state of New York or the people thereof; also the conveyance by the defendants to the people of the state of New York of certain lands specified.

At a Special Term of the Supreme Court held December 6, 1904, upon filing said stipulation and on motion of the attorneys for the defendant, an order was granted in compliance with said stipulation and directing judgment accordingly; and a judgment was thereafter entered in the clerk's office of Franklin county on the 7th day of December, 1904. On the same day there was recorded in the Franklin county clerk's office a quitclaim deed, dated June 23, 1904, executed by Ferris J. Meigs and wife to the Santa Clara Lumber Company, of said lot No. 1 and the west half of lot No. 3; also a quitclaim deed, dated September 9, 1904, executed by the Santa Clara Lumber Company to the people of the state of New York, of 100 acres off the

west end of lot No. 1, and the west half of lot No. 3; also a warranty deed, bearing same date, executed by the Santa Clara Lumber Company to the people of the state of New York, of the east half of said lot No. 3. Each of these deeds by the Santa Clara Lumber Company to the people of the state of New York contained provisions making exceptions and reservations in favor of the Santa Clara Lumber Company and its assigns of the cedar, pine, and spruce trees on the premises, with the right and privilege of removing the same at any time within six years after March 15th next; also excepting and reserving to the same company the right to construct and maintain roads for lumbering purposes, the exclusive right to use the waters and streams for the purpose of floating logs, and to construct and make dams for floating logs, and to cut and use trees necessary for such operations upon said lands; also the right to clear and use such portion of the lands as may be necessary for railways for logging purposes. These deeds were delivered to the Comptroller and were placed on record.

The lands described in the complaint were sold at a tax sale by the Comptroller in 1881 and 1885, and deeds were executed to the people of the state of New York. In February, 1897, Ferris J. Meigs brought an action in the Supreme Court, Franklin county, against the Comptroller of the state of New York, in which he alleged that he was the owner and in possession of the above lands; that the Comptroller then was and for two years had been in possession thereof, which possesion was illegal and wrongful, and asked damages for withholding same. The Comptroller answered, and alleged ownership in the people of the state of New York by virtue of the tax sales of 1881 and 1885 and the deeds given in pursuance thereof, and possession thereunder for more than 10 years prior to the commencement of the action, and further alleged that the premises had been in possession of the people during all the time, and had been held by the people adversely to all other persons for many years. This action was tried in November, 1897. In the decision it was held that the lands in controversy are within the forest preserve of the state of New York, and are claimed and held by the state under certain tax sales; that the Commissioners of Fisheries, Game, and Forest have, by statute, the custody and control of said lands in the forest preserve, and the title of the state in said lands could not be decided in an action of ejectment brought against said Comptroller; the state has not given its consent to such action; there is no legal authority for the commencement of such an action against the Comptroller for the purpose of determining the title of the state to wild, vacant, and forest lands, and judgment against the Comptroller would not disturb or affect the title of the state in the lands described in the complaint. As appears by the opinion of Judge Russell, page 113 of the printed case, the decision was made, not upon the merits, but upon the question whether or not the merits of the plaintiff's claim could be decided in an action of ejectment brought against the Comptroller of the state; the court holding that it could not be. Exceptions were filed by Meigs and an appeal taken to the Appellate Division, where the judgment was reversed by that court. 42 App. Div. 290, 59 N. Y. Supp. 215. An appeal

was thereafter taken by the Comptroller to the Court of Appeals, and that court reversed the judgment of the Appellate Division and affirmed the judgment of the Trial Term.

As stated by the Court of Appeals (162 N. Y. 377, 56 N. E. 838, 76 Am. St. Rep. 322), the Appellate Division, by a divided court, reversed the judgment and granted a new trial, holding that the act of 1893 authorized the plaintiff to sue the state and oust it from possession by an action against the Comptroller, holding, further, that the notice of redemption on the tax sales of 1881 was fatally defective, in that it stated that 100 acres only of the premises in suit were unredeemed, while the conveyance was of the whole of the tract; that for this defect the conveyance made in pursuance of the same in 1884 did not pass the title, and that its invalidity was not cured by chapter 448, p. 758, Laws 1885 (subsequently re-enacted in part, chapter 217, p. 411, Laws 1891, and chapter 711, p. 1761, Laws 1893), which made a conveyance of the Comptroller on tax sale, after the lapse of two years from its recording in the county in which the lands are situated, conclusive evidence of the regularity of the proceedings in which conveyance was made. The court then says that it does not find it necessary to pass upon many of the questions which have been elaborately argued before it, or even the one upon which the decision of the trial court proceeded. The court found that the lapse of time between the record of the conveyance of 1884 and the commencement of this action barred the right of the plaintiff to maintain it, even assuming the other questions in the case should be resolved in his favor. The court concludes on page 380 of 162 N. Y., on page 840 of 56 N. E. (76 Am. St. Rep. 322):

"We are therefore of opinion that in any view of the case the plaintiff's right to maintain this action was barred after the expiration of two years from the time of the comptroller's notice."

And further says:

"We think the answer of the defendant (for all the facts are pleaded) was sufficient, not only to raise the six months' limitations prescribed by the act of 1885, but also the limitations we have discussed. The judgment of the Appellate Division should be reversed and the judgment entered on the decision of the trial court affirmed, with costs." .

So that, as a result of the litigation in this case, we have the decision of the Trial Term, not passing upon the merits of the controversy, but dismissing the complaint on the ground that the plaintiff could not prosecute such an action against the state without its permission and that the statute did not give permission. We have the decision of the Appellate Division, holding that the statute did give permission for such an action, and that there were defects in the proceedings for the sale of the premises for taxes which rendered them void. Therefore the judgment of the Trial Term was reversed, and a new trial granted. But, upon appeal to the Court of Appeals, the judgment of the Trial Term is affirmed and judgment directed accordingly, not upon the ground that the plaintiff had not the right to prosecute such an action against the state, which question the Court of Appeals says it

is not necessary to pass upon, but upon the ground that the plaintiff's action was barred by the statute of limitations.

The result of the litigation, therefore, is that the title of the state is protected as against an action by the plaintiff Meigs by the statute of limitations. After this decision of the Court of Appeals, there was no further controversy as to these lands until this action at bar was commenced.

The complaint shows that this is the ordinary action to recover damages for trespass, to recover a sum of money only, or, in view of the provisions of section 222 of the forest, fish, and game laws (Laws 1900, p. 62, c. 20), which provides that a person who cuts or carries away any trees or timber from said lands in the forest preserve "shall also be liable to a penalty of ten dollars for each tree cut, taken away or destroyed by him or under his direction. The penalty so incurred may be recovered in an action to recover damages, for trespass or in a separate action"—it may be urged that this is an action to recover damages or penalties under that section. The amount of damages claimed is $10 per tree. This was the action that was settled by Commissioner Middleton. The commissioner, being a state officer or public servant, it is conceded, was not authorized to compromise or settle a litigation in which the people of the state of New York were interested, except as he had direct authority so to do.

My attention is called to but one statute conferring authority under which Commissioner Middleton might claim that he was acting. That statute is section 20, c. 220, p. 98, Laws 1897, as amended by section 20, c. 135, p. 261, Laws 1898, which provides that the forest preserve board may bring in the name of the people of the state an action or special proceeding in a court of justice, or before the Comptroller, (1) "to set aside the cancellation of any sale of land for taxes"; or (2) "to ascertain and determine the title to lands in the Adirondack Park or in the forest preserve claimed by any person or persons, associations or corporations, adversely to the state"; or (3) "if such lands are held or occupied by or under such claimant, to recover the possession thereof and to demand an accounting and recover damages for any timber cut or removed from any lands involved in any such action." The later expression, "and for such purposes may bring any action or special proceeding," etc., does not enlarge the limits fixed in 1, 2, and 3. "For such purposes" means for the purposes expressed in 1, 2, and 3. Strictly, the section authorizes actions and proceedings but for two purposes, namely, those stated under 1 and 2. The action authorized in 3 is to be availed of in connection with, and a part of, actions 1 and 2. The succeeding clause providing for an accounting and damages is also a part of 1 and 2. The section provides, further, that the forest preserve board may, in their discretion, settle and compromise any suits and special proceedings authorized by this section and adjust the claims involved. The authority to settle is limited to those suits authorized by this section.

The action at bar is not a suit or special proceeding authorized by this section, and consequently this section furnishes no authority to the commissioner to settle the litigation. It is not an action to set

aside the cancellation of any sale, or to determine the title to lands, or to recover possession of lands. The action is brought against a party having no right or interest in the title of the property. The complaint alleges that plaintiffs own the property, and that the defendant wrongfully entered on the premises. The answer alleges that Forest J. Meigs was and still is owner of the lands described in the complaint, and that defendant entered thereon by permission of Meigs. It is not conceivable that the plaintiff could have intended to bring either of the actions authorized in the statute of 1898 against an absolute stranger to the title. This is certainly not an action to set aside the cancellation of a sale, and either of the other two actions would be brought against the person claiming title adversely to the state. But Meigs, in whose behalf alone is made a claim of title adversely to the state, is not made a party. This is a simple action in trespass against the wrongdoer to recover a money judgment only, or possibly an action to recover penalties. I am unable to find any other authority under which he might have acted to settle this action, and therefore must hold that the commissioner did not have authority to make the stipulation in settlement which is set forth in the record. In view of this holding, it is not necessary to express an opinion as to whether or not said section 20 is in conflict with article 7, § 7, Const. The stipulation was therefore made by the commissioner on behalf of the plaintiff under a mistake and misapprehension of law and of his authority; and the court granted the order authorizing the judgment entered under a misapprehension of the facts and law of the case, and was misled by the stipulation under which it apparently assumed that the board was acting within its authority.

Under such circumstances, it is evidently within the power, and it is as well the duty, of the court to set aside the stipulation, the order, and the judgment entered thereon, and all proceedings in the action subsequent to the answer.

I have not overlooked the matter, urged so earnestly by the attorney for the defendant, that the Appellate Division was the only court which discussed the merits in the action of Meigs v. Roberts, and that in the opinion of the Appellate Division the tax sales attacked in that action were void; but it is also the fact that the Court of Appeals, with the entire record before it, said that the title of the state in the lands in question under the tax deeds was protected by the statute of limitations, and the judgment of the Trial Term dismissing the complaint was affirmed on this ground alone; the Courts of Appeals not expressing an opinion as to whether or not the Trial Term was justified in dismissing the complaint because the plaintiff could not maintain the action against the state without its consent, and that its consent had not been given. This was a final decision by the highest court of the state upon the record as it was then presented before the Appellate Division and before the Trial Term. There was, therefore, no reason why the Comptroller should have desired to bring any action to determine the title of the land in question, or bring any action authorized in the said law of 1898.

The defendant objects that the motion is not made within one year, as required by section 1282 of the Code of Civil Procedure, which pro-

vides for setting aside a judgment for irregularity. He also objects that the motion is not made within two years, as required by section 1290 of the Code of Civil Procedure, which provides for setting aside a judgment for error in fact not arising upon the trial. This motion is made to vacate the stipulation, judgment, and proceedings, on the ground that they were collusive, fraudulent, and illegal. Such a motion is addressed to the inherent power of the court to control its own proceedings and judgments, and is not controlled by these provisions of the Code. Hurlbut v. Coman, 43 Hun, 586; Matter of Tilden, 98 N. Y. 444; Vanderbilt v. Schreyer, 81 N. Y. 646.

The defendant further objects that "no offer is or can be made to reconvey the land that was deeded to the state by the defendant." It was not necessary that a tender of restitution should have been made before the motion was heard. The plaintiff itself could not vacate the stipulation, judgment, etc., as a party can rescind a contract. The motion is not based on a vacated stipulation, but is brought for the very purpose of vacating the stipulation, etc. A previous tender of restitution will not be required as a condition precedent to the right to make a motion to vacate a stipulation, when it is only after the motion is decided that it can be known whether or not the stipulation, etc., can be vacated and restitution made. Vail v. Reynolds, 118 N. Y. 302, 23 N. E. 301. But the people of the state of New York must make restitution of all it received under the stipulation and settlement. Having caused the settlement to be vacated, they cannot retain the benefit to them of that settlement. Having set aside the stipulation, judgment, etc., upon motion, the court by its order may require restitution and may enforce it. Code Civ. Proc. §§ 1292, 1323. It is very evident, considering the provision in the deeds and the restriction upon conveying lands belonging to the state, that the simplest and most just disposition is to declare the deeds void and of no effect to convey any interest in lands (as they are under the decision herein), and to order the record thereof canceled and a delivery of the deeds themselves by the Comptroller to the grantors.

In view of the holdings of the court in Meigs v. Roberts, and in view of the fact that this action is brought by the people against the Santa Clara Lumber Company, and that a defendant in an action brought by the people has a right to defend the action, although that defendant would not have the right to bring a similar action against the state, the case should stand as if issue had been joined and no further proceedings taken. An order may be prepared accordingly, denying the motion of the Attorney General for an order to be substituted as attorney for the plaintiff on the grounds in the memorandum filed when this motion was before heard, and further providing that the stipulation, order, and judgment and all proceedings subsequent to the answer herein should be vacated and set aside.

Ordered accordingly.