In the Matter of the Estate of MORRIS MORRISON, Deceased.

Surrogate's Court, New York County, March 23, 1936.

*Gustave Simons* [*Cyril L. McDermott* of counsel], for the petitioner, Philip Morrison.

*Mitchell, Taylor, Capron & Marsh,* for the respondent, City Bank Farmers Trust Company.

FOLEY, S.   This is an application, under subdivision 6 of section 20 of the Surrogate's Court Act, to vacate a decree settling the account of the executors and trustees on the grounds of fraud and clerical error.   The decree sought to be vacated is dated March 1, 1935, and was signed by Surrogate DELEHANTY.   The petitioner is one of two trustees.   His cotrustee is the City Bank Farmers Trust Company.   This application, together with the pending accounting proceeding, has been referred to me by Surrogate DELEHANTY because upon a prior accounting in 1923, I construed certain provisions of the will which are pertinent in the determination of these matters.   (See *Matter of Morrison,* N. Y. L. J. April 20, 1923, p. 254.)

The petitioner is the life beneficiary of a trust under paragraph eighth of the testator's will of two parcels of real property, num-

bered 1471 Second avenue and 67 Willett street, in the borough of Manhattan, city of New York. He is also the remainderman, under paragraph tenth, of the trust of the residuary estate, which included premises No. 637 East Fifth street and No. 63 Willett street, borough of Manhattan, city of New York. The residuary estate was devised in trust for the life of the testator's widow. She died on November 15, 1922, so that since that date the petitioner has the status of residuary legatee. Under paragraph eighth of the will, the testator directed that a mortgage of $25,000 upon premises 1471 Second avenue (which it appears has now been reduced to the sum of $23,000) shall be discharged out of the proceeds of the sale of the properties of his estate. At the time of the accounting of the executors and trustees in 1923, this mortgage had not yet been paid off. The petitioner had specifically requested that the real property within the residuary estate should not be sold to satisfy the mortgage. In construing the will I then held: " There is not sufficient personalty to comply with the direction of the testator to satisfy the mortgage of $25,000 on No. 1471 Second avenue. Philip Morrison, the co-executor, is the residuary legatee under the will. He requests that the realty devised to him under the residuary clause shall not be sold in order to satisfy this mortgage. His interest, however, in the trust established under the eighth paragraph is simply as one of the life tenants. The will clearly directs the payment and satisfaction of this mortgage. The rights of the remaindermen, who are the issue of Philip Morrison, must be protected, and the corpus of the trust must be set up and maintained free and clear in accordance with the testator's intent. The executors are therefore directed, in accordance with the power of sale given them by paragraph twelfth of the will, to mortgage or sell sufficient real estate and apply the proceeds in satisfaction of the mortgage upon No. 1471 Second avenue."

In 1934 the trust company and the petitioner again joined in an application for the judicial settlement of their account as trustees. The account showed that net income from the trust of the real property under paragraph eighth, had been used from time to time to pay arrears in taxes, interest and other expenses arising from the operation of premises 637 East Fifth street and 63 Willett street. No objections were filed to the account and the decree, which is now sought to be vacated, settling the account of the trustees was signed.

The petitioner now charges that the net income from the properties 1471 Second avenue and 67 Willett street was wrongfully and in violation of the express terms of the eighth paragraph of the will and in violation of law, misappropriated and diverted by his

.cotrustee, to the payment of the arrears and losses arising from the operation of the 637 East Fifth street and 63 Willett street properties, and that such unlawful diversions were accomplished by means of false representations made by the trust company to the petitioner, to the effect that the acts of the trustee with respect to such diversions were legal.

I hold, as a matter of law, that the charge of fraud or misrepresentation against the cotrustee is a mere invention of the petitioner, or his attorney, and is entirely without foundation. The attorney only came into the estate after the decree on accounting of March 1, 1935, was signed. The premises 637 East Fifth street and 63 Willett street, constituting the major portion of the residuary estate, was specifically charged with the payment of the mortgage of $25,000 on premises 1471 Second avenue. Under my directions, the executors and trustees were really required to hold the properties as security for the ultimate payment of the mortgage under the terms of the will. If the properties were sold and any surplus resulted, the rights of the petitioner, as life tenant, could have been protected, but until a sale the duty of the trustees was to protect the remaindermen. The trustees having determined not to abandon the property, the use of the income to protect the trust's interest was entirely proper. (*Matter of Albertson*, 113 N. Y. 434; *Matter of Wainwright*, 157 Misc. 531.) In their conduct and administration of the estate, the trustees acted under what had been settled by my former decree construing the will, as the law of this estate. The charge of fraud is baseless, in the face of the law of this estate which was settled by my decision thirteen years ago. No appeal was taken from the original decree. The petitioner has not only acquiesced but actively participated in this method of administration under the terms of my decision and decree for a period of twelve years to the date of the decree of Surrogate DELEHANTY, and for one additional year to the time of the making of this application. A decree on accounting may only be vacated where fraud or collusion or unwarranted imposition has been proven. (*Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206; *Joseph* v. *Herzig*, 198 id. 456; *Matter of Starbuck*, 221 App. Div. 702; affd., 248 N. Y. 555; *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Flynn*, 136 id. 287; *Matter of Wechsler*, 152 Misc. 564; *Matter of Gilford*, 155 id. 339; affd., 247 App. Div. 782.)

Nor has there been presented any evidence of clerical error or inadvertence to justify the vacatur or correction of the decree of Surrogate DELEHANTY, dated March 1, 1935. (*Matter of Henderson*, 157 N. Y. 423; *Matter of Brennan*, 251 id. 39.) The charge of

the petitioner that his cotrustee willfully concealed from him a material change made in the proposed decree, which sought to procure approval of the acts of the trust company in applying the net income of the trust under paragraph eighth to the payment of the losses of the residuary real property, is without justification. The alleged material change was the striking out in the proposed decree of the clause directing that the trustees " apply the income hereafter coming into their hands, in their discretion, toward the payment of taxes and interest upon the mortgages upon the property constituting the trust estate before paying any income to the life beneficiary of said trust." This provision was inserted at the suggestion of attorneys representing the owners of the mortgages on premises 1471 Second avenue in an attempt to procure a preference in the payment of the interest and taxes on that property. The clause was stricken out by Surrogate DELEHANTY himself, as an unnecessary provision and as intending to unduly restrict the exercise of the discretion of the trustees in the management of the properties of the estate. It added nothing to the duties of the trustees which were imposed upon them by law. The charge of willful concealment from the petitioner of this change is worthy of no consideration whatsoever, and does not constitute clerical error which warrants vacatur or correction by an amended decree.

The application to vacate the decree is, therefore, denied as a matter of law, with motion costs to the respondent, the cotrustee.

Submit order on notice accordingly.