(Surrogate's Court, New York County.   November, 1897.)

1. TRANSFER TAX—FOREIGN DECEDENT—JURISDICTION.
   Decedent had resided in Connecticut, but left personal property in New York.   The executors never took out letters in New York.   They filed their accounts in Connecticut, which were approved, and paid the inheritance tax due that state.   The entire estate was distributed under a final decree of the Connecticut court.   *Held*, in a proceeding to assess and fix the transfer tax on the New York property, under Laws 1892, c. 399, that the property was liable.

2. SAME—LIABILITY OF EXECUTORS—PRACTICE.

In a proceeding under Laws 1892, c. 399, to assess and fix the transfer tax on the personal property in New York, left by a foreign decedent, where the executors took out letters, and closed up the estate in the state where decedent had resided, the order made by the New York surrogate's court will not in terms run against the executors. It will specify the names of the legatees taking taxable interests, the value of such interests respectively, and the tax due upon the transfer thereof.

In the matter of the appraisal of the property of William Hubbard, deceased, under act in relation to taxable transfers of property, the executors moved to dismiss proceedings. Motion denied.

Ritch, Woodford, Bovee & Wallace (William C. Wallace, of counsel), for the motion.

Emmet R. Olcott, for comptroller.

FITZGERALD, S. This proceeding was instituted by the comptroller to assess and fix the transfer tax. Decedent died in June, 1895. The proceeding is therefore governed by chapter 399 of the Laws of 1892. He resided in the state of Connecticut, but left property in this state. The executors never took out letters in this jurisdiction. In July, 1896, the executors filed their accounts in Connecticut, which were approved, and the amount of inheritance tax due in that state was fixed and paid. In the following October a further account was filed, which resulted in a decree directing the distribution of the estate. The entire estate has, consequently, been distributed pursuant to the decree of a competent tribunal, and the executors have not now in their possession any property belonging to the estate. They now move to dismiss the proceeding as against themselves, urging lack of jurisdiction. In Re Embury, 19 App. Div. 214–217, 45 N. Y. Supp. 884, affirmed 154 N. Y. ——, 49 N. E. ——,[1] the duty of foreign executors in the premises is stated as follows:

"They were bound to take possession of it [the property], and make distribution according to the decree of the court having jurisdiction of the estate. Had a tax been imposed on the property, or had a statute providing for its imposition been in force, it would have been their duty to have paid it, or to have requested the imposition of the tax, as the case might be, before removing the property."

The claim, then, of the executors, briefly stated, is that, having violated the statute and failed to perform their duty, the court has been by that failure and violation ousted of jurisdiction. It needs no argument to demonstrate the fallacy of such a plea. Besides, the order which will be entered on the termination of this proceeding will not in terms run against the executors. It will specify the names of the legatees taking taxable interests, the value of such interests respectively, and the tax due upon the transfer thereof. Subsequent proceedings may be taken against the beneficiaries, or against the corporations in which the decedent held the stock, as well as against the personal representatives.

Motion denied.

[1] Affirmed without opinion. See memorandum decisions at end of 49 N. E.