the next of kin of the husband, through his ancillary administrator, are entitled to the fund to be distributed, and the decree should so provide.

Decreed accordingly.

(27 Misc. Rep. 163.)

### In re MONTEITH'S ESTATE.

(Surrogate's Court, New York County. April, 1899.)

EXECUTORS AND ADMINISTRATORS—REOPENING DECREE—SETTLING ACCOUNT—APPEAL.

An error of the surrogate in allowing excessive commissions upon the settlement of an administrator's account is one of law, and the decree cannot be opened under Code Civ. Proc. § 2481, and corrected by reducing the commissions. The remedy is by appeal.

Application to amend decree. Denied.

Ward, Hayden & Satterlee, for petitioner.

Howard Payson Wilds, for executors.

VARNUM, S. Motion to permit J. W. Monteith to file additional objections to executor's second account. This matter was submitted to Mr. Surrogate Arnold, but reargued and submitted to me. The motion made herein for leave to file additional objections to the account of the executor, raising an issue as to the validity of the payments out of income assessments imposed on the real estate, is granted. A reference will be ordered to determine the objections already filed, and those which may be filed in pursuance of the foregoing decision.

### Estate of James Monteith.

This matter was submitted to Surrogate Arnold, but has since been reargued before and submitted to me. The papers show that on December 29, 1891, a decree was entered in this court judicially settling the accounts of the four executors of the will of James Monteith, deceased, which directed that three full commissions, amounting to $3,159.21, be retained by the accounting parties. James W. Monteith, a son of the testator, and legatee, was a party to the proceedings, and, together with all other parties interested, and without appearing in person, waived the issuance and service of a citation, and consented to the entry of a decree settling the accounts filed. An effort is now made by him to open and correct said decree by reducing the commissions allowed to $728.08, on the theory that certain specified personal property, which was included in the personal estate of the decedent by the surrogate in determining whether such estate amounted to $100,000 over the debts, was improperly so included, and that the commissions which were allowed thereon were unlawfully so allowed. I do not know upon what theory the decree can be disturbed. Section 2481 of the Code permits the surrogate to open and vacate decrees for fraud, newly-discovered evidence, clerical error, or other sufficient cause; and "other sufficient cause" has been interpreted as meaning causes of like nature with the others specifically named. In re Tilden's Ex'rs, 98 N. Y. 434; In re Hawley, 100 N. Y. 206, 3 N. E. 68. See In re Humfreville, 8 App. Div. 312, 40 N. Y. Supp. 939. The

petitioner claims that the surrogate made a clerical error in allowing the commissions in question, but, in my opinion, if he erred, the error was one of law,. and not a clerical mistake. His decision in the premises was a judicial determination, and, whether right or wrong in allowing the commissions objected to, could only be reviewed upon appeal. This court has no power to open a decree for an error of law. In re Singer's Estate, 3 Dem. Sur. 571, as finally affirmed 100 N. Y. 206, 3 N. E. 68; In re Tilden's Estate, 5 Dem. Sur. 230–242; s. c. 98 N. Y. 434.

Application denied.

---

(27 Misc. Rep. 161.)

## In re MORIARITY'S ESTATE.

### (Surrogate's Court, New York County. April, 1899.)

TEMPORARY ADMINISTRATOR—COMPENSATION—EXTRA ALLOWANCE—ESTOPPEL.
    A person employed by decedent in his lifetime, for a fixed salary, to manage his business, was, at the request of all of the parties in interest, pending a contest of the will, appointed temporary administrator, jointly with one of the executors named in the will, and directed to continue the business, which he did, doing the same work which he had done before as manager. He was not told that he must look to his commissions alone for his compensation, and he continued to draw the salary he had formerly received, to which his co-administrator made no objection. *Held*, that the co-administrator was estopped from objecting to the right of the managing administrator to draw his salary in addition to his statutory commissions, and that he was entitled to the salary.

In the matter of the estate of John Moriarty, the account of McConville, temporary administrator, was allowed by the referee. On motion to confirm the referee's report. Granted.

John F. Clark, for temporary administrator and claimant.
Townsend & Mahan (Charles Donohue, of counsel), for executors.

VARNUM, S. Motion to confirm referee's report. Matter heard by Judge ARNOLD, but not decided by him. The decedent was in his lifetime in the furniture business, and had as his manager in said business one McConville, to whom he paid a salary of $33 per week. Decedent's will was contested, and, after considerable controversy as to who should be appointed as temporary administrator, all parties consented and agreed, as a compromise, to the appointment of decedent's nephew, a legatee and executor under his will, and McConville, the manager, jointly, and an order to that effect was made by this court, providing, among other things, that the .administrators should take possession of the store and stock of goods and other property used in conducting the business, and sell and dispose of the same in the usual and customary manner that deceased did in his lifetime, and that from the moneys received they pay rent, insurance, and labor and necessary expenses to conduct said business. McConville, the manager, carried on the business from August 3, 1896, until May 1, 1897, when decedent's will was admitted to probate, and the assets were turned over to the nephew named as executor, and meanwhile paid all the customary wages of the employés, including $33 per week to