(28 Misc. Rep. 603.)

## In re WALLACE'S ESTATE.

(Surrogate's Court, New York County. July, 1899.)

1. DESCENT OF REAL ESTATE OF PARTNER.
    After the liquidation of a partnership, the interest of a deceased partner in its real estate passes to his heirs or devisees.

2. POWER OF SURROGATE'S COURT TO VACATE DECREE FOR ERRORS OF LAW.
    The surrogate's court has no power to vacate a decree fixing a transfer tax on legacies, on the ground that partnership real estate was included

in the appraisal, and that there was a failure to deduct mortgages on personal property of the partnership, as such errors are clearly errors of law, and not clerical errors, for which the decree may be vacated under Code Civ. Proc. § 2481, subd. 6, specifying in what cases a surrogate may vacate or modify a decree.

Application by Thomas P. Wallace, one of the executors of James Wallace, deceased, and Charles M. Warner, receiver of the firm of James Wallace & Son, to vacate a decree fixing a transfer tax on legacies. Application denied.

King & Jessup, for the motion.

Edgar S. Levy, opposed.

VARNUM, S. The decedent died on or about February 16, 1894, and his will was proved and letters testamentary issued on or about March 5, 1894. No steps were taken by the executors to have the transfer tax determined, and late in 1895 the district attorney, at the request of the comptroller, brought a proceeding to enforce the payment thereof, which resulted in a decree entered August 1, 1896. This decree fixed the value of the estate at nearly $200,000, and determined the tax on the various shares. It is now sought to open, vacate, and set aside this decree in order that a new appraisal may be had. The petitioners are Thomas P. Wallace, a son of the decedent, and one of his executors, who was cited in the former proceeding, and Charles M. Warner, as receiver of the firm of James Wallace & Son, in which the testator was the senior partner at the time of his death. Subsequent to that event the business was conducted by Thomas P. Wallace, as surviving partner, until April, 1896, when the said receiver was appointed. At this time the transfer tax proceeding was pending and undetermined. The receiver appointed appraisers, and it is alleged that their investigation showed the firm of Wallace & Son, and incidentally the estate of the decedent, to be insolvent, but it does not appear when this discovery was made. George William Wallace, a son and executor of the decedent, acted as attorney for the estate in the tax proceeding, and was a witness on the appraisal, when the only property of the estate appraised was its interest in said firm. This was valued in accordance with a statement submitted by him. Moreover, he had due notice of settlement of the order fixing the tax, and made no opposition to its entry. He either acted as attorney for the petitioner, Thomas P. Wallace, as seems to be the case, or the latter defaulted. The said Thomas P. Wallace alleges in the petition now presented that he alone of the executors and next of kin of the decedent knew the condition of the business of Wallace & Son, and that at the time of the appraisal he was in ill health, and compelled on that account to go abroad, and had no personal knowledge of the details of the tax proceedings until a short time before this application was made, when his attention was directed thereto. The receiver, who is the other petitioner, claims that the relief sought should be granted, because the tax is a lien on the partnership property, which is to be sold under order of the supreme court for the benefit of the firm creditors, and because, if the tax must be paid, it must come out of the shares of such creditors. While the hardship of this is obvious, I am of opinion that

the right of the receiver and those he represents to have the decree opened must, so far as this court is concerned, depend on the rights of the parties directly interested in the estate. I would say here that the successor of the district attorney who conducted the former proceeding consents to the granting of this application, but it is opposed by the attorney for the comptroller, who has argued it very ably, and the matter must therefore be treated as contested, especially since it is doubtful whether Mr. Gardiner can effectively consent that a decree under which his predecessor was awarded costs for his own use should be vacated, and whether such consent would in any case enlarge my power in the premises. Bearing in mind the foregoing and the provisions of subdivision 6, § 2481, of the Code of Civil Procedure, which specifies in what cases a surrogate may vacate or modify a decree, it is necessary to consider the nature of the errors or classes of errors claimed to have been made on the appraisal. There are four of these: First, that partnership real estate was included in the appraisal; second, that there was a failure to deduct mortgages on personal property of the partnership; third, that the assets of the partnership generally were appraised at too high a figure, being appraised at the "book" value, and not the actual; fourth, that the liabilities of the firm were not properly stated, nor sufficient allowance made for them. The first of these errors, if such it were, was clearly an error of law. After the liquidation of a partnership, the interest of a deceased partner in its real estate passes to his heirs or devisees. See In re Holland, Sur. Dec. 1897, p. 274, and cases cited. And it would seem that the court will not invoke the doctrine of conversion to subject property to the tax. In re Sutton's Estate, 3 App. Div. 208, 38 N. Y. Supp. 277, affirmed in 149 N. Y. 618, 44 N. E. 1128. The failure to deduct mortgages on personalty, specified as the second error, must have likewise been one of law, as their existence was in evidence before the appraiser. As to the other two errors, an application to this court must rest upon principles analagous to those upon which applications for a new trial are based, and I do not perceive any ground upon which the former decree can be opened. In re Henderson, 157 N. Y. 423, 52 N. E. 183, a case much relied upon by the petitioners, simply holds that, where there is a manifest clerical error in a decree, it may be corrected, and that the time within which it may be so corrected is not limited, by section 1290 of the Code, to two years after its entry. Where the error is of substance, whether of fact or law, the following cases show that the court has no power to open its decree to correct it. In re Tilden, 98 N. Y. 434; In re Hawley, 100 N. Y. 206, 210, 3 N. E. 68; In re Brick's Estate, 15 Abb. Prac. 12, 36; In re Astor, 6 Dem. Sur. 402, 408; In re Bruce's Estate, 59 N. Y. Supp. 1083. This rule I have had occasion recently to consider and act upon in Re Monteith, 27 Misc. Rep. 163, 58 N. Y. Supp. 379. See, also, In re Schermerhorn's Estate, 38 App. Div. 350, 57 N. Y. Supp. 26. In re Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111, where it was held that the surrogate's court had power to vacate a decree fixing a transfer tax on United States government bonds, is clearly distinguishable from the line of cases cited above. In the Coogan Case the court never had jurisdiction to make an order taxing such securities, and it expressly says (page

565, 27 Misc. Rep., and page 113, 59 N. Y. Supp.) that the case was not one "where the order or decree was sought to be modified or vacated because of an irregularity, but because it was void, as having been made without jurisdiction." It should be noticed also that in the Henderson Case the following significant words are used to distinguish In re Tilden and In re Hawley, ubi supra: "In both cases the ground for opening the decree was not a clerical error, such as is contemplated by section 2481, regulating proceedings for opening and correcting manifest mistakes, but errors of substance made at the hearing, which should have been corrected by appeal, and not by motion." To open the decree in this case now would be practically to nullify the provision of the tax law limiting the time to appeal in these cases to 60 days. The petitioner Wallace has had his day in court, and it is his own fault and that of his brother, the attorney, that the estate is in its present predicament. The other petitioner, the receiver, has no higher standing here. The application is therefore denied.

Application denied.