1. COLLATERAL INHERITANCE TAX—APPRAISAL—LIMITATIONS.
   That more than six years have elapsed since the death of the person on whose personal property a legacy tax is sought to be imposed is no defense to proceedings instituted by the comptroller to appraise the property in the state passing under decedent's will.

2. SAME—NONRESIDENT DECEDENTS.
   The fact that executors of a nonresident decedent have been discharged by the foreign court appointing them is no defense to a proceeding by the comptroller to tax personal property which belonged to the decedent, situate in the state, and on which a collateral inheritance tax has not been paid.

8. SAME—SUCCESSIVE APPRAISEMENTS.
   That certain real estate of a decedent was subjected to a collateral inheritance tax does not preclude the imposition of such a tax on subsequently discovered personal property belonging to the decedent's estate.

Application by the state comptroller for an appraisal for the purposes of imposing a collateral inheritance tax on certain personal property of the estate of John Crerar, deceased.  Application by executors to dismiss the proceeding.  Application denied.

Emmet R. Olcott, for comptroller.
Ritch, Woodford, Bovee & Wallace, for executors.

FITZGERALD, S.  Application is made by the executors to dismiss the proceeding instituted by the comptroller to determine the transfer tax.  The grounds alleged for the application are as follows:  First, lack of jurisdiction; second, because more than six years have elapsed since the death of the decedent; third, because more than two years have elapsed since the entry of the decree of the surrogate; fourth, because of laches of comptroller in not moving for reappraisal before the discharge of the executors; fifth, because the executors have been duly discharged by a court of competent jurisdiction in the state of Illinois, whose judgment is entitled to full faith and credit in the courts of this state by virtue of the constitution of the United States.  So far as the application is based on the statute of limitations, the decision in Re Vanderbilt's Estate (Sur.) 10 N. Y. Supp. 239, is controlling.  The discharge of the executors in a foreign state before the payment of the tax in this state is no defense.  In re Fitch's Estate (Sup.) 57 N. Y. Supp. 786; In re Embury, 19 App. Div. 214, 45 N. Y. Supp. 881, affirmed in the court of appeals, 154 N. Y. 746, 49 N. E. 1096; In re Hubbard's Estate, 21 Misc. Rep. 566, 48 N. Y. Supp. 869.  The executors also claim that the attention of the appraiser was not called to the personal property, because the prevailing opinion of the legal profession at that time, and the decisions of the highest courts in the state, were against the taxability of such property belonging to nonresident decedents.  This contention is without foundation.  The following decisions held taxable property of the character now admitted to have been in the possession of the executors at the time of the appraisal:  In re Morijon's Estate, N. Y.

Law J., July 3, 1891; In re Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401; In re Vinot's Estate (Sur.) 7 N. Y. Supp. 517; In re Clark's Estate (Sur.) 9 N. Y. Supp. 444; In re Bondon, N. Y. Law J., March 1, 1892. The James Case, 144 N. Y. 6, 38 N. E. 961, was not decided by the court of appeals until November 27, 1894, long after the appraisal had terminated, and that case related exclusively to the stocks of foreign corporations; the stocks owned by this decedent being those of domestic corporations. In re Schermerhorn's Estate, 38 App. Div. 350, 57 N. Y. Supp. 26, to which my attention has been called by the attorney for the executors since the submission of this matter, has no bearing upon the question at issue here. In the present case the state asks for an appraisal of assets which have never been submitted for appraisal. In the Schermerhorn Case the petitioner sought to set aside a decree of the surrogate which held that assets were taxable which the courts have since declared to be exempt. In that case the assets had all been exhibited for appraisal, had had their day in court, and the error of law committed by the court in approving their appraisal for taxation should have been corrected by appeal. In Re Wallace's Estate, 28 Misc. Rep. 603, 59 N. Y. Supp. 1084, the same is true. The assets had been exhibited and appraised, and the errors alleged to have been made could have been corrected by appeal, the time to make which had expired. The decision of the court of appeals in Re Wolfe, 137 N. Y. 205, 33 N. E. 156, is cited as authority for the proposition that the order of December, 1892, is an adjudication which, unless it is set aside, bars all further proceedings. In that case the surrogate made an order assessing the tax upon various legacies, but reserved the question of liability to taxation of the property included in two certain bequests for further consideration, and fixed a future day for a hearing thereupon. Copies of the appraiser's report and of the surrogate's order were thereafter served upon the comptroller of the city. The surrogate made an order adjudging, among other things, that the legatees in question were exempt from taxation under the act. The executors, relying upon such order, paid the legacies in full. Thereafter the district attorney commenced a proceeding to collect the tax, and the legatees pleaded the prior order as res adjudicata. The decision of the surrogate was based upon the failure to notify the comptroller of the city of New York of the proceedings, and at general term the decision was based upon the lack of jurisdiction of the surrogate to adjudicate an exemption from the tax except in a proceeding instituted by the district attorney. The court of appeals overruled both the surrogate and the general term, and held that the proceeding in which the exemption was declared was complete, and that the state was barred thereby. The difference between the two cases is distinct and radical. In the Wolfe Case the precise question of the liability of the bequests sought to be taxed in the district attorney's proceeding had been determined, and the time to appeal had expired. In the case at bar the appraisal was limited to real estate; the personal estate was expressly eliminated, and the receipt issued stated in terms that it was on account of the tax. The

existence of the personalty was not disclosed on the appraisal, nor was any reference made thereto in the order. The provision of the act that an appraisal may be had as often as and whenever occasion may require is intended for just such cases as the one at bar. Among other assets of the estate was an interest in certain firms doing business in this city. It frequently happens that years elapse after the death of a decedent before an approximate estimate of the value of the share of the estate in such an enterprise can be made. Meanwhile, for the purpose of transferring real estate, an appraisal, limited to certain assets, may be had; but to hold that such limited appraisal can be successfully invoked as a bar to another proceeding, particularly where the first appraisal is expressly confined to certain assets, is opposed to reason and inconsistent with the scheme of the act. The motion to dismiss the proceeding is denied.

Motion denied.