In the Matter of the Appraisal under the Taxable Transfer Act of the Estate of KATHARINE J. S. DAVIS, Deceased.

GEORGE DEYO, County Treasurer of Ulster County, Appellant; MARY H. S. INGRAHAM, Respondent.

1. TRANSFER TAX — METHOD OF PROCEDURE. The method of procedure, in a proceeding for the ascertainment and determination of a transfer or inheritance tax, is controlled by the statute on the subject in force at the time of the institution of the proceeding, although the tax itself and the rights of the parties are controlled by an earlier statute.

2. BASIS OF TAX — VALUE OF ESTATE AT TIME OF TRANSFER OF TITLE. The transfer or inheritance tax is not a tax upon property, but upon the right of succession, and, hence, the true test of value by which the tax is to be measured is the value of the estate at the time of the transfer of title, and not its value at the time of the transfer of possession.

3. Estate in Remainder — Time of Transfer of Title. When a devise or bequest of a remainder works a vested, although defeasible, interest in the remainderman on the death of the testator, notwithstanding possession does not pass until the death of the life tenant, the transfer of title takes place at the death of the testator, and, in ascertaining the value of the estate passing to the remainderman, for the purpose of taxation under the Transfer or Inheritance Tax Act of 1885 (Chap. 483), it must be appraised as of the time of the death of the testator, when the title passed, and not as of the time of the death of the life tenant, when the possession passed.

*In re Seaman,* 147 N. Y. 69, followed.

4. Time of Accruing of Tax on Remainder — Interest. If the person to whom property passes in remainder, under the will of a testator who died while the Transfer or Inheritance Tax Act of 1885 (Chap. 483) was in force, and so liable to taxation under that act, cannot be known until the death of the life tenant (as is the case where a devise or bequest is to one for life, with remainder over to the children of the life tenant who may be living at his decease), the tax on the estate transferred to the remainderman does not accrue until the death of the life tenant, and interest upon the tax is chargeable only from that time.

5. Appeal from Portion of Determination — Statutory Requirement of Statement of Grounds of Appeal. Only the parts of a judgment or decree which are appealed from can be reviewed; and where a statute requires the grounds of the appeal to be stated (as does the Taxable Transfer Act of 1892, chap. 399, § 13, in the case of an appeal to the surrogate from the appraisement or assessment and determination of a tax), none except those specified in the notice of appeal can be considered, and the proceedings cannot be interfered with or disturbed in other respects.

*Matter of Estate of Davis, Deceased,* 91 Hun, 53, affirmed.

(Argued April 20, 1896; decided May 26, 1896.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, entered December 7, 1895, reversing an order of the surrogate of Ulster county made June 8, 1895, assessing, fixing and determining the amount of transfer tax to be paid by Mary H. S. Ingraham upon property received by her under the will of Katharine J. S. Davis, deceased, and modifying an order of the surrogate made October 15, 1894, and, as modified, affirming the same.

Katharine J. S. Davis, at the time of her death, was a resident of Ulster county, N. Y. She died January 16, 1887,

leaving a last will and testament, which, so far as material, was as follows : " I give, devise and bequeath to my sister, Julia L. S. Ingraham, now the wife of Duncan Ingraham, all my real and personal estate and property of what nature, name or kind the same may be, for her sole and separate use and benefit, for and during the term of her natural life, and from and immediately after her decease I do give, devise and bequeath the same to the children of my said sister who may be living at the time of her decease, share and share alike. And I do hereby nominate, constitute and appoint my sister, Julia L. S. Ingraham, sole executrix of this my last will and testament, hereby revoking all former wills by me at any time made."

This will was admitted to probate by the Surrogate's Court of Ulster county February 1, 1887, and thereupon letters testamentary were duly issued to Julia L. S. Ingraham as such executrix.    The testatrix at her death left her surviving Harrison H. Sudam, a brother, who died December 6, 1893, Mrs. John De Witt, a niece, who died in July, 1894, and Mrs. Ingraham, a sister, who died February 2, 1894.    The latter left no children, except her daughter, Mary H. S. Ingraham, the respondent herein.    After the death of her mother the respondent was duly appointed administratrix of her estate.    On July 24, 1894, she filed with the surrogate of Ulster county a petition asking for the appointment of some competent person to appraise the estate of the testatrix as provided by the Inheritance or Transfer Tax Law.    In pursuance of such petition the surrogate appointed an appraiser by whom testimony was taken in reference to the value of the property left by the testatrix at the time of her death, but no evidence was given as to its value at the time of Mrs. Ingraham's death, or at the time of the appraisal.    He made his report September 4, 1894, appraising the net value of the estate at $9,286.25, and the value of the life estate of Mrs. Ingraham at $1,100.14.    The surrogate thereupon transmitted this report to the superintendent of insurance with a request that he determine the present value of the interest of the

respondent in the property as of the time of the death of
Mrs. Davis. On the 13th of October, 1894, he returned
the papers, with his certificate, to the effect that the present
value of the interest of the respondent in the property at the
time of the death of Mrs. Davis was $5,226. On the fifteenth
of that month the surrogate filed the report of the appraiser
and the certificate of the superintendent of insurance, and
made an order or decree confirming the report, fixing and
assessing the cash value of the property in remainder left by
Mrs. Davis to the respondent at $5,226, and the tax thereon
at $261.30. He then added: "And the county treasurer of
Ulster county, pursuant to statute, will add interest at the rate
of ten per centum per annum to the amount of said tax from
January 16, 1887, to the date of payment." On the same
day the surrogate served a notice upon the respondent of the
assessment of this tax and of the provision in regard to
interest.

On December 11, 1894, the respondent appealed to the sur-
rogate, specifying in her notice of appeal that " the grounds
upon which this appeal is taken are, that the interest is not
chargeable or allowable on the amount of said tax at the rate
of ten per cent per annum from January 16, 1887, or from any
other date to the date of payment, but that interest is allow-
able and chargeable upon said tax, if at all, from the date of
the death of Julia L. S. Ingraham, which occurred in or about
the month of February, 1894, and only at the rate of six per
cent from that date." Upon the hearing of this appeal the
surrogate wholly reversed the order or decree made by him
October 15, 1894, and without any proof whatever as to the
then value of the property which passed to the respondent
under the provisions of the will of Mrs. Davis, himself made
an appraisal as of the time of the death of Mrs. Ingraham,
the life tenant, by which he increased the valuation from
$5,226 to $9,286.25, fixed the tax at $464.31 instead of
$261.30, and directed the county treasurer to add interest
thereon from February 2, 1894, the date of Mrs. Ingraham's
death, at six per cent for the period of eighteen months, and

thereafter at the rate of ten per cent per annum. From a portion of that decree the respondent appealed to the General Term of the third department. She did not, however, appeal from the portion that reversed that part of the former decree which directed the county treasurer to add and collect interest at the rate of ten per cent per annum from January 16, 1887, to the date of payment.

The General Term reversed the decree appealed from and modified the former one by striking out the clause imposing a penalty of ten per cent from January 16, 1887, and inserting in place thereof a provision charging interest at the rate of six per cent from February 2, 1894, to the date of payment, and, as so modified, affirmed the original decree of the surrogate.

*Walter N. Gill* for appellant. This order is appealable to the Court of Appeals. (Code Civ. Proc. §§ 190, 1296 ; *Libbey* v. *Mason*, 112 N. Y. 525.) The transfer or inheritance tax on the estate of the testatrix, Katharine J. S. Davis, is governed by chapter 483 of the Laws of 1885, which was in force at her death on January 16, 1887. (*In re Roosevelt*, 143 N. Y. 122, 123 ; *In re Stewart*, 131 N. Y. 274 ; *In re Prime*, 64 Hun, 50 ; 136 N. Y. 347 ; *In re Sterling*, 9 Misc. Rep. 224.) The estate or property devised to the respondent, Mary H. S. Ingraham, was not liable to assessment or taxation at the date of the death of the testatrix, but became so liable on the death of her mother, Julia L. S. Ingraham, on the 2d day of February, 1894, and it is of no consequence, so far as the question of taxation is concerned, whether her interest technically vested on the death of the testatrix in 1887, or on the death of her mother in 1894. (*In re Curtis*, 142 N. Y. 219 ; *In re Roosevelt*, 143 N. Y. 120 ; *In re Hoffman*, 143 N. Y. 327 ; *In re Wallace*, 4 N. Y. Supp. 465 ; *In re Seaman*, 147 N. Y. 69.) The contingent interest of Mary H. S. Ingraham in the estate of the testatrix was not appraisable until the death of the mother, Julia L. S. Ingraham, the life tenant. It is now the settled law of

this state that no appraisement of an interest in an estate for the purposes of taxation can be had until the tax upon said interest is due and enforceable. This rule has been laid down under the law of 1885, the law of 1887 and the law of 1892. (*In re Curtis*, 73 Hun, 185; 142 N. Y. 223; *In re Roosevelt*, 76 Hun, 257; 143 N. Y. 124; *In re Hoffman*, 76 Hun, 399; *In re Seaman*, 147 N. Y. 69; *In re Wallace*, 4 N. Y. Supp. 465; Laws of 1885, chap. 483, § 13; Laws of 1887, chap. 713, § 13.) Nine thousand two hundred and eighty-six dollars and twenty-five cents was the proper amount upon which to assess the tax, it being the actual value of the personal property left by the testatrix at the time of her death in 1887, after deducting the commissions of the executrix, and it being the actual value of the estate or interest of the respondent, Mary H. S. Ingraham, therein at the time of the death of her mother, Julia L. S. Ingraham, the life tenant, in 1894. (Greenl. on Ev. [13th ed.] § 41; *In re Stewart*, 131 N. Y. 274; *In re Curtis*, 73 Hun, 185.) The surrogate had jurisdiction on the appeal to him to review his former order or decree, and to again assess, fix and determine the value of the interest of the respondent, Mary H. S. Ingraham, in the estate of the testatrix. (*In re Stewart*, 131 N. Y. 285.)

*Isaac H. Maynard* for respondent. The property which passed to the respondent by the provisions of the decedent's will was an estate in remainder, and the value of that estate at. the time of the testatrix's death affords the only correct legal basis for taxation under the Taxable Transfer Law. (*In re Seaman*, 147 N. Y. 69; 4 R. S. [8th ed.] 2432, 2516; *Lawrence* v. *Bayard*, 7 Paige, 70; *Sheridan* v. *House*, 4 Abb. Ct. App. Dec. 218; *Moore* v. *Littel*, 41 N. Y. 66; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Livingston* v. *Greene*, 52 N. Y. 118; *Moore* v. *Lyons*, 25 Wend. 119; *Weed* v. *Aldrich*, 2 Hun, 531; *In re Swift*, 137 N. Y. 77; *In re Stewart*, 131 N. Y. 274.) The surrogate had no jurisdiction upon the respondent's appeal to make a new valuation of the estate passing to her, liable to taxation. (*Kelsey* v. *Western*, 2 N. Y. 500; *Robert-*

*son* v. *Bullions*, 11 N. Y. 243; *Cruger* v. *Cruger*, 5 Barb. 225; *Bell* v. *Holford*, 1 Duer, 58; *Glasner* v. *Wheaton*, 2 E. D. Smith, 352; *Beach* v. *Raymond*, 2 E. D. Smith, 496; *Sands* v. *Codwise*, 4 Johns. 536; *Bush* v. *Dennison*, 14 How. Pr. 307; *Lee* v. *Schmidt*, 6 Abb. Pr. 183; *Avery* v. *Woodbeck*, 5 Lans. 498; *Fowler* v. *Milliman*, 2 Hun, 408; *Slingerland* v. *Bronk*, 47 How. Pr. 408.) The surrogate erred in his original decree assessing the tax, in imposing, in addition to the tax authorized by the statute, a penalty by way of interest at the rate of ten per cent per annum from the date of testatrix's death, which was January 16, 1887, to the date of payment, and this was the only error which he had authority upon the appeal before him to correct. (*In re Curtis*, 142 N. Y. 219; *In re Roosevelt*, 143 N. Y. 120; *In re Hoffman*, 143 N. Y. 327.)

MARTIN, J. It is conceded by the appellant that the transfer or inheritance tax on the estate of Katharine J. S. Davis must be governed by chapter 483 of the Laws of 1885, which was in force at her death, on January 16, 1887, and that its provisions must control as to the subject and the rate of taxation. The method of procedure for the enforcement of the Transfer or Inheritance Tax Law was somewhat changed by chapter 713 of the Laws of 1887 and chapter 399 of the Laws of 1892. The procedure is controlled by the statute as it existed at the time this proceeding was instituted. It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights, is applicable to proceedings pending or subsequently commenced. (*Neass* v. *Mercer*, 15 Barb. 318; *Southwick* v. *Southwick*, 49 N. Y. 510; *Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581, 585.) Hence, the rights of the parties depend upon the statute of 1885, while the method of procedure is governed by that of 1892.

The appellant contends that the estate or property devised to the respondent was not liable to assessment or taxation at

the date of the death of the testatrix, but became so upon the death of the respondent's mother, and that it is of no consequence, so far as the question of taxation is concerned, whether the respondent's interest technically vested on the death of the testatrix in 1887, or upon the death of Mrs. Ingraham in 1894. He, however, admits that the estate or interest devised to the respondent was liable to be defeated by her death previous to that of her mother, and, therefore, that it was not certain until her death that the respondent would enjoy any part of the estate of the testatrix, although she had a vested interest in it. The facts thus admitted bring this case within the principle of the *Matter of Seaman* (147 N. Y. 69). In that case the testator devised all the residue of his estate to his executors in trust, to apply and pay over the income of one-half to his adopted daughter during her natural life, and, upon her death, devised and bequeathed the same to the children of his nephew, the income of the other half to be paid to the nephew during his life, and, upon his decease, that was also devised and bequeathed to his children. Upon that state of facts, it was held that the children of the nephew took vested interests in the residue of the property at the death of the testator, subject, on the one hand, to open and let in after-born children, and, on the other, to be defeated by death without issue during the running of the life estate; that the inheritance or transfer tax was not a tax upon property which was transferred, but upon the right of succession; that the right of succession passed to the children at the death of the testator; that it came from him, was transferred by him, and took effect at his death, and was in effect held that the taxability of such a transfer, and, consequently, the measure of the interest transferred, should be determined as of the time of the testator's death. Following the doctrine of that case, the value of the respondent's estate in remainder as of the time of the death of the testatrix was the sum upon which the tax should have been assessed.

It has been often held by this court that the tax imposed is

not a tax upon property, but upon the right of succession, and, hence, the true test of value by which the tax is to be measured is the value of the estate at the time of the transfer of title, and not its value at the time of the transfer of the possession.   The value of the particular estate transferred may increase or be diminished during the time which intervenes between the passing of the title and acquiring the possession by the beneficiary, but we think that circumstance does not affect the value of the estate as a basis upon which the tax is to be imposed.   Whatever of confusion exists in the authorities upon the subject seems to be due to a failure in some of the cases to properly distinguish between the time when, in a given case, the title passed and the time when the legatee became entitled to the possession of his estate under the will. Where the estate transferred has a fixed or ascertainable value at the time of the death of the grantor, testator or intestate the value at that time must be the basis of the appraisal whenever made; but if the person to whom the property passed cannot be known until the death of the life tenant, the tax cannot be imposed until after that event.   Hence, the appellant's contention that the interest of the respondent was to be appraised as of the time when she acquired possession of the estate, cannot be sustained.   Such was manifestly the opinion of the learned surrogate when he made the original decree in this proceeding, as he, with the assistance of the superintendent of the insurance department, ascertained the value of her estate at the time of the death of the testatrix, and established the value of the respondent's interest upon that basis.   That portion of his decree was correct.   He, however, added to it a direction to collect interest at the rate of ten per cent from January 16, 1887.   In this he was clearly wrong.   From that portion of the decree the respondent appealed.   The learned surrogate thereupon reversed the entire decree, and made a new one, which was reversed by the General Term.

The respondent's appeal to the surrogate was only from that portion of the decree which directed the county treasurer

to add interest at the rate of ten per cent from January 16, 1887. She did not appeal from the appraisal or valuation of the estate, or from the assessment of the tax. Upon that appeal the learned surrogate was not authorized to reverse the entire decree, to make a new appraisal or valuation of the estate, or to interfere with any portion of it except that appealed from, as it is a well-settled rule that only the parts of a judgment or decree which are appealed from can be reviewed. (*Sands* v. *Codwise*, 4 Johns. 536; *Kelsey* v. *Western*, 2 N. Y. 500; *Robertson* v. *Bullions*, 11 N. Y. 243; *Murphy* v. *Spaulding*, 46 N. Y. 556.)

Moreover, section 13 of chapter 399 of the Laws of 1892 provides that upon such an appeal, the notice shall state the grounds upon which it is taken, and where a statute requires the grounds of the appeal to be stated, none except those specified can be considered. The hearing must be limited to the errors noticed in the appeal. Otherwise the requirement of the statute would be without significance. It follows that the value of the estate transferred to the respondent and the tax to be paid thereon, were established by the decree of October 15, 1894, and as that portion of the decree has never been appealed from or properly reversed, it is conclusive between the parties upon those questions.

The only remaining question is whether the General Term properly modified the decree of October 15 as to the rate of interest to be paid by the respondent. The direction in the judgment of the General Term was that interest should be added at the rate of six per cent per annum. The statutes of 1885, 1887 and 1892, relating to the inheritance or transfer tax, all provide that interest shall be charged upon the tax from the time it accrues. As we have already seen, the right to the tax in this case did not arise until the death of the life tenant, for the reason that until that time it was neither certain that this property would be subject to an inheritance or transfer tax, nor that the respondent would ever be entitled to the possession of the property and thus become liable to be taxed upon her right of succession. Until that time no tax

accrued.  (*Matter of Curtis*, 142 N. Y. 219 ; *Matter of Seaman*, 147 N. Y. 69.)

We are of the opinion that the learned General Term properly reversed the decree of June 8, 1895, and that its modification of the decree of October 15, 1894, whereby it was provided that the interest should be ·charged only from the time of the death of the life tenant to the time of payment, was also proper.

As no question is raised by the appellant as to the rate of interest, our conclusion is that the order of the General Term should be affirmed, with costs.

All concur.

Order affirmed. ──────────────