> Laws 1896, c. 908, § 220, provides for the taxation of property transferred by will. Testatrix devised property in trust,—one-third of the income to be paid each of two grandsons during the life of her son, and one-third to the son; the grandsons to succeed to the estate on the son's death, if they should then be 50 years of age; if not, to succeed when reaching that age. In case either died under 50 years, his portion was to go to his legatees, or, in the absence of a will, to his heirs. *Held*, that the grandsons took a vested remainder on testatrix's death, and hence such devise to them was a transfer of property, within the meaning of Laws 1896, c. 908, § 220, and taxable.

In matter of the appraisal of the estate of Jane H. Sherman, deceased, under the laws relating to taxable transfers. From a report of an appraiser, and the surrogate's order thereon, the comptroller of the state of New York appeals, and asks for a rehearing. Reversed.

Charles C. Van Kirk, for executor.

Rowe & Pyrke, for beneficiaries.

Potter & Kellogg, for comptroller.

KELLOGG, S. By the twenty-fourth clause of the will, the testatrix gives the residue of her estate to the executor in trust. She directs the income to be divided in three parts,—one-third payable to her son, George D. Sherman, during his life; one-third payable to her grandson George K., and one-third to her grandson John R. Sherman, during the lifetime of the said George D. Thus a life estate is created in this residue during the lifetime of the said George D. At his death the grandsons succeed to the possessions of the estate, if they have arrived at the age of 50 years; if not, their succession is postponed until they arrive at that age, respectively. In case the said George K. or John R. dies before arriving at the age of 50 years, his interest in the estate goes to the legatees named in his will, if he has made a will; if he dies intestate, then to his heirs and next of kin. In case both George K. and John R. die intestate and without lawful issue before reaching 50 years of age, then this residue, subject to two legacies amounting to $30,000, the testatrix gives to her heirs at law and next of kin in the same shares as the statute and law would give them in case she had died intestate. It is the remainder of this residue after the life estate of George D. and the estate for years of George K. and John R. upon which the question arises upon this appeal.

The grandsons have a vested remainder, to which they are sure to succeed in actual possession if they live to be 50 years of age, and which can only be defeated in case of their death before that time. In case of their death before coming into actual possession of the principal of the residuum, they have every right of disposition by way of will which an absolute owner could possess; and, in case of their failure to exercise that right, their rights in the residuum pass to their heirs and next of kin in the same manner and with like force as any property which they owned, and died seised or possessed of, intestate. It seems, therefore, that the said grandsons are certain to become seised in possession of this property at a certain time, which right can only be defeated by their prior death, in which event their rights would be disposed of in the same manner as any other property which they owned. The decision of the court of appeals in Re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401, Finch, J., writing the opinion, and which is recognized and followed in court of appeals by two later cases (In re Davis' Estate, 149 N. Y. 546, 44 N. E. 185; In re Gibson's Will, 157 N. Y. 680, 51 N. E. 1090), is applicable. In that case the will provided that the income of one half of the estate should be paid to his adopted daughter during her lifetime; the remainder in fee to the children of George A. Seaman, a nephew, share and share alike. The will also provided that the income of the other half was directed to be paid to said George A. Seaman during his life; the remainder over to his children in fee, share and share alike. Both of the life tenants survived the testator, but died in 1893. When the will took effect there were living four children of George A. Seaman, who took into their possession the remainders upon the termination of the trust. There was no inheritance tax law when the will took effect, and the estates which it created devolved, but the act of 1892 was in force when the life tenants died, January, 1893, and possession of the remainders passed to the four children; and the question involved was whether that vesting in possession which accrued after 1892 was a transfer or succession then for the first time passing, and so taxable under the act, or, if not then first accruing, was at least made taxable by the explicit language of the statute. The court held (page 74, 147 N. Y., and page 402, 41 N. E.): That the children of George were beneficially entitled to their remainders in expectancy which later came into their actual possession. That a right of succession to the estate in remainder passed at once on the death of the testator to them, and was a vested interest, although subject to be defeated or modified by subsequent contingencies. "If the inheritance tax law had been in existence at the date of the testator's death, these interests would have been taxable at once, in the sense that the incumbrance of the right of the state would immediately attach." But, as the transfer or succession took place before the enactment of the taxable transfer act of 1892, the remainder was not taxable under that act. The law of 1892 did not retroact in such a case. The decision in this case holds, in effect, that where there are parties in being, who, if they survive until the termination of the life estate, would be then entitled to the estate in

possession, they are presently taxable at the death of the testator; that their interests are vested, and taxable as such, though by their subsequent death they may never come into the actual possession of the property bequeathed. In the Seaman Case the children described and designated as legatees would be entitled to the possession of the estate only in case they survived the life tenants. It might happen, in case of their prior death, that they would never come into the actual possession of the remainders. The court held that, if there had been an inheritance law in force at the time of the testator's death, the interests of these legatees would have been taxable. The rights of the residuary legatees in this case are stronger than in the Seaman Case. They are sure to come into the immediate possession of the estate, if they survive the trust period, and are living at the termination of the previous estate created for their benefit. Their rights are greater than those of the Seaman remainder-men, because in this case, in case of their death before possession, they can dispose of this property the same as any owner can dispose of property, in reference to post mortem disposition of his effects. I think the remainders in this case are taxable, and so hold. It has been urged that the decision in Re Curtis, 142 N. Y. 219, 36 N. E. 887, is adverse to this disposition. That case was decided under the collateral inheritance law, in which there are no taxes upon direct succession, like that involved in this case. If it can be construed as holding contrary to the theory maintained herein, it has been overruled by the court of appeals. See cases above cited. Decreed accordingly.