In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of JOHN A. MANNING, Deceased.

ERASTUS C. KNIGHT, as Comptroller of the State of New York, et al., Appellants; JOHN A. MANNING, as Executor, etc., Respondent.

TRANSFER TAX — EXCLUSION OF WORTHLESS ACCOUNT FROM ESTIMATED VALUE OF ESTATE. The exclusion of a worthless account in estimating the value of an estate for the purpose of imposing a transfer tax is proper, because it cannot be deemed to be property transferred or disposed of by will, within the contemplation of the statute.

*Matter of Manning*, 59 App. Div. 624, affirmed.

(Argued January 6, 1902; decided January 28, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 21, 1901, which affirmed a decree of the Saratoga County Surrogate's Court modifying the appraisal of the estate of John A. Manning, deceased.

The facts, so far as material, are stated in the opinion.

*J. A. Kellogg* for appellants. The order of the surrogate striking out the account of $17,446.92 against G. Warren Manning from the assessment and determination of the appraiser was an error, as said account is a collectible asset of the estate, and should be appraised and taxed as part of the taxable property of said estate. (*Matter of Davis,* 149 N. Y. 537; *Matter of Merriam,* 141 N. Y. 479.)

29

*Charles C. Lester* and *C. S. Lester* for respondent. The claim against G. Warren Manning for $17,446.47, being the sum advanced or given by the testator to his son from time to time for his support, was properly disallowed by the surrogate as an asset, for the reason that the claim was worthless. (*Morgan* v. *Warner*, 45 App. Div. 424.) An estate cannot be increased by taking a portion of it and giving it to an insolvent debtor, and then collecting it back again. (*Morgan* v. *Warner*, 45 App. Div. 424.) The presumption of law is that the money given was intended as an advancement. (4 Kent's Comm. 418; *Beebe* v. *Esterbrook*, 79 N. Y. 246; *Clark* v. *Kingsley*, 37 Hun, 246; *McRae* v. *McRae*, 3 Bradf. 109; *Sanford* v. *Sanford*, 61 Barb. 293; *Kintz* v. *Friday*, 4 Dem. 540; *Weatherhead* v. *Field*, 26 Vt. 655; *Black* v. *Whitall*, 9 N. J. Eq. 572; *Matter of Spaulding*, 22 Misc. Rep. 420.) The money advanced by the testator during his lifetime to his son for his support and of which the testator thereby wholly divested himself, does not come within the language of the law providing for a tax upon the transfer of property. (*Matter of Sutton*, 3 App. Div. 208; *Matter of Offerman*, 25 App. Div. 94.)

O'BRIEN, J. This was a proceeding to adjust and determine the amount of the transfer tax to be imposed upon the estate of John A. Manning, deceased. The appraiser appointed by the surrogate reported that the value of the estate disposed of by the will was $285,566.92, and after deducting debts the net estate amounted to $244,633.42. The surrogate ordered the tax prescribed by the statute to be assessed upon the distributive share which the widow and four children took under the will. The executor appealed to the surrogate from the order, and upon the hearing of the appeal the original order was modified by deducting from the above amount an item of $17,446.92, which appeared as an open account upon the books of the deceased against his son G. Warren Manning, one of the legatees, and who at the time of the death of his father was wholly insolvent. The Appellate

Division has affirmed the order of the surrogate. The bequest in the will to this son was more than sufficient to pay this debt.

The question is whether this worthless account is to be deemed to be property transferred or disposed of by the will, within the contemplation of the statute, and to be included in the value of the estate for the purpose of taxation. The tax is imposed upon the shares of the estate that the beneficiaries take under the will, and the account or item in question does not represent any property that passed from the deceased to any one, within the fair meaning of the statute, and, hence, the final order of the surrogate excluding the account from the estimated value of the estate was correct.

It is said, however, that if this item is not included in the value of the estate for the purpose of imposing the transfer tax it should not have been included in the inventory for the purpose of fixing the executor's commissions, as it was. It is quite probable that this contention is correct, but the question is not involved in this appeal. If the item had been excluded from the inventory when the commissions of the executor were fixed and allowed by the surrogate, it would increase the tax payable to the state to the extent of about eight dollars. There was no question raised or objection made by any one at any stage of the proceedings in regard to the amount of the commissions of the executor. It has been assumed at every stage of the controversy that the deductions made by the surrogate for the expenses of administration were correct, and the only question litigated was in regard to the account as an item of property, to be estimated as part of the estate upon which the statute imposes the tax. The position thus assumed cannot be changed upon the appeal in this court. It cannot be contended for the first time in this court that there was some trifling mistake made by the surrogate in computing the expenses of administration.

Moreover, the statute which permits an appeal from the order of the surrogate required the appellant to state in the notice of appeal "the ground upon which the appeal is taken." (Laws of 1892, ch. 399, § 13.) The only ground stated in the

notice of appeal is the order of the surrogate in regard to the valuation of the item or account referred to. This appeal was brought by the executor, and the public authorities acquiesced in everything decided by that order. If the surrogate had committed an error in adjusting the commissions of the executor at too large a sum, they, also, could have appealed from his decision and required him to modify it in that respect. The purpose of requiring the notice of appeal to the surrogate to state the grounds the appeal is made upon was to limit the questions to be reviewed by him to those only stated in the notice. The contention on the part of the public authorities has been, from the first, that the item of the account was taxable the same as the rest of the estate. The notice of appeal to the surrogate brought up before him only that single question, and neither the Supreme Court nor this court can review any question except that reviewed by the surrogate, and so, we think, the order must be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Order affirmed.