TAXATION—ASSESSMENT OF TRANSFER TAX—NOTICE OF APPEAL.
　　Under Tax Law, Laws 1896, p. 875, c. 908, § 232, a notice of appeal from an order determining the amount of a transfer tax must state the grounds of appeal.

In the matter of the estate of Britania E. Stone. Motion to dismiss appeal from an order determining the amount of a transfer tax.

George F. Morss, for executors.
David E. Powers, for State Comptroller.

SEXTON, S. In this estate a transfer tax proceeding was instituted April 27, 1897, by an order of the surrogate of Oneida county, which appointed A. J. Dutcher appraiser to fix the fair market value of the property of testator. August 7, 1905, the appraiser filed his report, in which he found upon the evidence of one of the executors, Benjamin D. Stone, that a claim against the estate in favor of Penfield & Stone, for $37,118.89 was adjusted and allowed by all three executors representing this estate, in the sum of $13,500, which adjustment was adopted by the appraiser. The evidence was closed August 1, 1905. There were several hearings before the appraiser, and R. S. Johnson, on each hearing, appeared as attorney for the county treasurer, and George F. Morss, on each hearing, appeared as attorney for the executors in the above estate. No objection was made at any time, by or on behalf of this estate, to the adjustment of said account by the appraiser, on the evidence before him, at $13,500. On September 23, 1905, said executors filed in the surrogate's office a notice of appeal, the material part of which is as follows:

"Take notice, that the executors appeal to the surrogate of Oneida county from the decision of Mr. A. J. Dutcher, the appraiser herein, made and filed on the 7th day of August, 1905."

This appeal was never brought to a hearing. The matter is now before the court on a motion to· dismiss the appeal, on the ground that the notice of appeal does not state the grounds of the appeal. The motion is made by D. E. Powers, as attorney for the State Comptroller.

An appeal of this character is perfected by an interested party "filing in the office of the surrogate a written notice of appeal, which shall state the grounds upon which the appeal is taken." Tax Law, Laws 1896, p. 875, c. 908, § 232. "Only the parts of a judgment or decree which are appealed from can be reviewed; and, where a statute requires the grounds of the appeal to be stated, as does the taxable transfer act of 1892 (page 819, c. 399, § 13), in the case of an appeal to the surrogate from the appraisement or assessment and determination of a tax, none except those specified in the notice of appeal can be considered, and the proceedings cannot be interfered with or disturbed in other respects." Matter of Davis, 149 N. Y. 539, 44 N. E. 185. "The purpose of requiring the notice of appeal to the surrogate to state the grounds the appeal is made upon was to limit the questions to be reviewed by him to those only stated in the notice, * * * and neither the Supreme Court nor this court can review any question except that reviewed by the surrogate." Matter of Manning, 169 N. Y. 449, 452, 62 N. E. 565, 566. The notice of appeal in question stated no ground upon which the appeal is taken. It therefore follows that the appeal must be dismissed.

The motion to dismiss the appeal is granted, without costs to either party.

Motion granted, without costs.