(Surrogate's Court, New York County. November 18, 1914.)

TAXATION (§ 895*)—TRANSFER TAXES—ASSESSMENT—"TRANSFER."

Tax Law (Consol. Laws, c. 60) § 220, imposes a tax upon the transfer of property by will. Section 222 declares that all taxes shall be due and payable at the time of the transfer. *Held*, that the word "transfer," as used in the statute, means the passing of property or any interest therein by will; hence, as the transfer takes place upon the death of the testator, the transfer taxes must be assessed upon the value of the testator's property at that time, and no reduction can be made because the property depreciates in value between the time of the testator's death and the date of distribution.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*

For other definitions, see Words and Phrases, First and Second Series, Transfer.]

In the Matter of the Estate of Josephine Penfold. On application to modify the order fixing the transfer taxes. Application denied.

See, also, 81 Misc. Rep. 598, 142 N. Y. Supp. 678.

Mitchell & Mitchell, of New York City (William Mitchell, of New York City, of counsel), for executor.

Edward F. Boyle, of New York City (Ellwood M. Rabenold, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is an application to modify the order fixing tax upon the estate of decedent by reducing the cash value of the interests of the residuary legatees and the tax assessed on such interests. The order fixing tax was entered on the 15th of April, 1913. The decedent died on the 3d of April, 1912. She bequeathed her residuary estate to her brothers, Edmund Penfold and William Hall Penfold. The executor of her estate filed with the transfer tax appraiser an affidavit containing a list of the securities of which she died possessed. The affidavit also contained the executor's estimate of the value of the securities on the date of decedent's death. The appraiser accepted the executor's valuation of the securities, and in his report he appraised the value of the interests of each of the residuary legatees at $342,-308.96. The order entered upon his report assessed a tax of $6,619.27 on the value of each interest. The petition herein alleges that between the date of decedent's death and the date when distribution was made to the legatees the market value of the securities diminished, so that at the latter date the value of the respective interests of the residuary legatees was $309,035.96. The petitioner therefore asks that the order fixing tax be modified, by substituting $309,035.96 for $342,308.96 as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value of the interest of each of the residuary legatees, and $5,-621.08 instead of $6,619.27 as the tax on each interest.

Section 220 of the Tax Law provides that "a tax * * * is * * * imposed upon the transfer of any property * * * when the transfer is by will," and that "the tax imposed hereby shall be *. * * upon the clear market value of such property." Section 222 provides that "all taxes * * * shall be due and payable at the time of transfer, except as herein otherwise provided." The exception has no application to the matter under consideration. The word "transfer" is defined in the statute to include "the passing of property or any interest therein by inheritance, devise, bequest," etc. In Matter of Vassar, 127 N. Y. 1, 27 N. E. 394, it was held that the property should be appraised as of the date of decedent's death, and that the increase in value of the property from the date of death to the date of distribution among the legatees is not subject to tax. Conversely, any diminution in the value of the property between the date of decedent's death and the date of distribution by the executor should not be taken into consideration in ascertaining the value of the property for the purpose of assessing a transfer tax. In Matter of Davis, 149 N. Y. 539, 44 N. E. 185, the court said:

"The true test of value by which the tax is to be measured is the value of the estate at the time of transfer of title, and not its value at the time of the transfer of the possession. The value of the * * * estate transferred may increase or be diminished during the time which intervenes between the passing of title and acquiring the possession by the beneficiary, but we think that circumstance does not affect the value of the estate as a basis upon which the tax is to be imposed."

When the transfer is effected by will or by the intestate laws, it takes place at the moment of death. Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Matter of White, 208 N. Y. 64, 101 N. E. 793, 46 L. R. A. (N. S.) 714. In Matter of Meyer, 209 N. Y. 386, 103 N. E. 713, an application was made to the surrogate to vacate the order fixing tax upon the ground that the appraisal was grossly inaccurate, as the appraiser reported the value of the estate to be about $8,000, while as a matter of fact the beneficiaries did not receive any property under the will. The surrogate denied the application, and the Court of Appeals, in affirming the order of the surrogate, said:

"The test by which the tax is to be measured is the value of the interest or property transferred at the time of the death of the testatrix."

It would therefore appear to be well settled by the decisions of the courts of this state that the transfer tax is imposed upon the value of the property at the date of decedent's death, when such value can be ascertained, and that any increase or diminution in the value of the property between the date of decedent's death and the date upon which distribution is made among the beneficiaries is not to be taken into consideration in assessing the tax.

The application for a modification of the order fixing tax is denied.