In the Matter of the Transfer Tax upon the Estate of ISAAC WEIL, Deceased.

STATE TAX COMMISSION, Appellant; FRANK L. WEIL and Another, Executors, etc., of ISAAC WEIL, Deceased, Respondents.

First Department, March 10, 1930.

*Seth T. Cole*, for the appellant.

*Horace S. Manges*, of counsel [*Coursen & Manges*, attorneys], for the respondents.

McAVOY, J. The decedent died testate September 8, 1927, a resident of the county of New York. A transfer tax appraiser was duly appointed and made his report, whereupon the usual *pro forma* taxing order was entered. Within the statutory period of sixty days from the entry of said taxing order, the executors, Walter L. Weil and Frank L. Weil, filed the customary notice of appeal to the surrogate, on the ground that the taxing order taxed the con-

tingent remainder at its full, undiminished value without any deduction on account of intervening estates, and further taxed the contingent transfers at the highest possible rates without proper distribution between remaindermen. Thereafter the executors moved to amend such notice of appeal.

The amendment sought to change the notice of appeal so as to raise the additional question, not originally covered by said notice, that the order taxed the remainders as contingent remainders, whereas, in fact, they were vested remainders.

The motion to amend this notice of appeal was made February 20, 1928, six days after the expiration of this sixty-day period.

The surrogate granted an order amending *nunc pro tunc* the notice of appeal.

The question on this appeal concerns the power of the surrogate to permit the amendment *nunc pro tunc* to the notice of appeal after the time to appeal from the *pro forma* taxing order had expired.

Appellant contends that the surrogate erred, because the appeal to the surrogate is wholly statutory, and is governed by the provisions of section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476), which requires that the appeal be taken within sixty days from the fixing, assessing and determination of tax by the surrogate, and it also requires that the notice of appeal shall state the grounds upon which it is taken. Unless a notice of appeal, specifying the grounds upon which the appeal is taken, is filed in the office of the surrogate within sixty days from the date on which the *pro forma* taxing order is entered, such order becomes final and may not thereafter be attacked on appeal.

The purpose of requiring the notice of appeal to state the grounds on which the appeal is taken is to limit the questions to be reviewed. Everything not appealed from is acquiesced in. On an appeal in a transfer tax proceeding, the only questions which the surrogate may consider are those which are specified in the notice of appeal. We think that the effect of the surrogate's order is to extend the time fixed by law within which to take an appeal, and since this may not be permitted as to the point raised, the order is erroneous in its amendment of the notice. (Civ. Prac. Act. § 99.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the said proceeding remitted to the surrogate of the county of New York for further action in accordance with this opinion.

DOWLING, P. J., and MERRELL, J., concur; FINCH and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). The precise question here presented was expressly reserved for future consideration by the Court of

Appeals in *Matter of Kane* (246 N. Y. 498, 505). It is to be observed that the notice of appeal itself was timely. The amendment merely extended the scope of the appeal. It is true that only such grounds as are enumerated in the notice may be considered. (*Matter of Manning*, 169 N. Y. 449; *Matter of Davis*, 149 id. 539; *Matter of Fletcher*, 219 App. Div. 5.) But the situation presented may be deemed analogous to the power of the court to enlarge the scope of a bill of particulars limiting a complaint. The decision in *Matter of Kane* (*supra*) turns almost entirely upon the question of estoppel. This ground, however, would scarcely have been a sufficient basis for the decision had the objection been jurisdictional. Such question may be raised at any stage of the proceeding.

For the foregoing reasons the order should be affirmed.

FINCH, J., concurs.

Order reversed, with ten dollars costs and disbursements to the appellant, and motion denied, with ten dollars costs, and proceeding remitted to the Surrogate's Court for further action in accordance with opinion.