In the Matter of the Estate of ALBERT T. FANCHER, Deceased.

Surrogate's Court, Cattaraugus County, February 16, 1931.

*Robert E. Murrin,* for the State Tax Commission.

*Orla E. Black,* for the executors.

*John J. Bennett, Jr., Attorney-General, Wendell P. Brown, Assistant Attorney-General,* for the Allegany State Park Commission.

BIRD, S. By the terms of his· will Mr. Fancher gave the sum of $25,000 to the Allegany State Park to be used by the Park Commission in improving and beautifying the park. Under the *pro forma* order fixing the tax in this estate this bequest was held to be not taxable. From that order, so made, this appeal is taken.

The order is dated September 11, 1930, and a copy of the same was mailed on that day to the attorney for the State Tax Commission. It is quite likely that the order, together with the schedules and proof of notice to all interested parties in the tax proceeding was not mailed to the State Tax Commission for one or two days afterwards, although there is no record in the surrogate's office showing the precise date.

It is conceded by the respondent that a notice of appeal was served upon the attorney for the executors on the 11th day of November, 1930, and a notice of appeal in the following form was filed ·with the clerk of the Surrogate's Court on the 12th day of November, 1930.

" Please Take Notice: That the State Tax Commission of the State of New York hereby appeals to the Surrogate's Court of Cattaraugus County, from an order heretofore, and on the 11th day of September, 1930, made and entered herein fixing the tax upon the various bequests in said order referred to.

" Dated: November 10, 1930.
" Yours, &c.,
" ROBERT E. MURRIN,
" *Attorney for State Tax Commission.*

" Office and Post Office Address, 311 First National Bank Building, Olean, N. Y."

On or about December 16, 1930, the attorney for the State Tax Commission served an affidavit and notice of motion returnable on December 22, 1930, for permission to amend the notice of appeal theretofore filed, so as to state that the appeal was taken from so much of the *pro forma* order as exempted the bequest to the Allegany State Park from tax. By consent of the parties the matter was adjourned from time to time, and on January 12, 1931, the date to which the matter had been adjourned, the attorney for the executors made a motion to dismiss the appeal on two grounds: 1. That the notice of appeal was not served in time. 2. As the original notice stated no ground of appeal it was ineffective as an appeal and the surrogate was without power to permit an amendment after the time within which to appeal had expired and the appeal should, therefore, be dismissed.

If the respondent is right as to either ground for his motion to dismiss, then, of course, it becomes unnecessary to consider this appeal on the merits.

Section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476) provides that " the tax commission or any person dissatisfied with the appraisement or assessment and determination of tax may appeal therefrom to the surrogate within sixty days from the fixing, assessing and determination of tax by the surrogate as herein provided, upon filing in the office of the surrogate a written notice of appeal, which shall state the grounds upon which the appeal is taken."

It is obvious that the serving of the notice of appeal upon the attorney for the executors is not such a notice as is required by the statute, and was ineffective for the purpose of the appeal. Two things are necessary under this provision to make effective an appeal: 1. The filing of a written notice of appeal in the office of the surrogate within sixty days from the date of the taxing order. 2. Such notice must state the grounds on which the appeal is taken.

It is claimed on behalf of the State Tax Commission that the sixty days within which to appeal began to run from the date of the service of the taxing order on the State Tax Commission. Section 231 of the Tax Law (as amd. by Laws of 1921, chap. 476) provides that the surrogate shall immediately forward a copy of said taxing order to the State Tax Commission; as necessarily the copy of this taxing order is sent by mail it could not have been received by the State Tax Commission until the twelfth of September, even if it had been mailed on the eleventh, and as under section 164 of the Civil Practice Act, where service is made through the post office pursuant to statute or rule three days shall be added

to the specified time, and accordingly the filing of the notice of appeal on the twelfth of November was timely.

This position is untenable. Both the statute and the decisions under it are to the contrary. The law specifically provides that the appeal must be taken within sixty days from the fixing, assessing and determination of the tax by the surrogate, which in this case was on the 11th day of September, 1930. Not counting the date of the taxing order and counting the date on which the notice of appeal was filed in the surrogate's office the filing of this notice was too late. (*Matter of Connelly*, 38 Misc. 466; *Matter of Seymour*, 144 App. Div. 151; *Matter of Fletcher*, 219 id. 5.)

The surrogate has no power to extend the time within which to appeal even if he were inclined to do so. (Civ. Prac. Act, § 99.) Accordingly there is no appeal before the surrogate in this case and it is unnecessary to decide the question of the sufficiency of the notice filed, and the power of the surrogate to allow an amendment. However, as this question is likely to again arise, it seems best to me to consider it here, so that in the event of an appeal in this case, both questions may be before the appellate court for review.

The notice of appeal filed in the surrogate's office on the twelfth day of November stated no ground of appeal as required by the statute quoted above. Such a notice of appeal did not bring up any question for review. (*Matter of Davis*, 149 N. Y. 539; *Matter of Stone*, 56 Misc. 247.)

In the *Stone* case the appeal was dismissed on this precise ground upon motion of the Comptroller, who under the statute in force at that time performed the same functions in the matter of the assessment of transfer taxes as are now exercised by the State Tax Commission. It is true in the *Stone* case, after such a notice of appeal was filed, nothing further was done by the appellant, until a motion was made by the Comptroller about two years afterward to dismiss the appeal. Surrogate SEXTON, in dismissing the appeal, apparently does not base his decision on the ground of laches, but on the ground that the notice was ineffectual to raise any question for review, and was not in compliance with the statute.

It is claimed by the appellant that it is within the discretion of the surrogate to allow an amendment of the notice of appeal, and this discretion should be exercised in favor of such allowance in this case.

As authority for this proposition section 297 of the Surrogate's Court Act is cited. In my opinion this provision has no application to this proceeding. Section 297 of the Surrogate's Court Act must be read in connection with section 293 of the same act,

which prescribes the manner and the time within which an appeal must be taken from a decree or order of the surrogate in all matters determined by the surrogate under said act. Both the time within which and the manner of taking such appeal are different than provided in the Tax Law under which this appeal is taken.

My attention has not been called to any case in which this precise question has been determined.

In *Matter of Kane* (246 N. Y. 498) a notice of appeal from a taxing order was filed in the office of the surrogate of Monroe county, which like the one in question here stated no ground of appeal. Both parties appeared before the surrogate and without objection to the form of the notice joined in preparing and submitting an agreed statement of the evidence as to the merits of the controversy. This was all done before the time within which to appeal had expired, so that if objection to the form of the notice had been raised, the appellant might have withdrawn the notice and filed a new one in its place, or properly amended the notice.

In discussing this question, Judge CARDOZO, who wrote the opinion, says: " We think the composite effect of all these acts and omissions was a waiver by the Commission of any objection to the notice. We think also that since objection, *if timely*, might have been followed by amendment, the surrogate was at liberty to treat the notice as amended, and that since it was so treated by him, it will be so treated on appeal by us. * * * A different question would be here if the surrogate had declined to act upon the notice, or even, it may be, if the time had gone by, at the date of the hearing upon the merits, when a new notice would be possible. * * * The latter situation must be left to be dealt with when it arises. So far as the record shows, objection to the form of the notice was not made by the Tax Commission at any time or in any form." As the question raised here was not determined by the Court of Appeals in that case, the question not having been raised in the Surrogate's Court, it was not passed upon. It is clearly intimated, however, that had it been raised before the surrogate quite a different question would have been presented for review in that court.

Both on principle and authority such a notice as was filed in this case is ineffectual to raise any question for review. It seems to me equally clear that, whatever the form of the notice, it might be amended at any time before the time within which to appeal had expired, or a new notice of appeal might be filed, without any application to the surrogate. If the notice, timely filed, stated any ground of appeal, it seems to me upon a proper showing, such notice in the discretion of the surrogate might be amended even if the time within which to appeal had expired, all depending,

of course, on the nature of the amendment and whether substantial justice would be furthered thereby.

In the present case, however, while it might be going too far to say that the notice filed was a nullity, so far as any appeal is concerned, it certainly was not in compliance with the statute and was ineffectual to raise any issue. The effect of permission to amend this notice after the time within which to appeal has expired is to extend the time to appeal. This, of course, cannot be done, either by the court or stipulation of the parties.

*Waldo* v. *Schmidt* (200 N. Y. 199) involved a notice for leave to amend a notice of appeal taken to the Court of Appeals from the determination of the Appellate Division. At Special Term the court, upon report of a referee, had rendered an interlocutory judgment in favor of the plaintiff. On appeal to the Appellate Division the interlocutory judgment was affirmed. The case was returned to the referee on whose report a final judgment was entered. An appeal from that judgment was taken to the Appellate Division which affirmed that judgment. From the affirmance of that judgment the defendant seasonably appealed to the Court of Appeals, and in his notice of appeal he announced his intention to bring up for review the interlocutory judgment and every part thereof, but failed to state in his notice of appeal that he intended to appeal from the judgment of the Appellate Division affirming the interlocutory judgment of the Special Term.

On the question of whether or not permission should be given to amend this notice of appeal, Judge WERNER, in writing for the court, states (on p. 207): " Had he failed to mention it at all, [*i. e.*, the interlocutory judgment] we would be powerless to help him, because an amendment in that event would make a new notice after the time to appeal has expired."

It seems to me that the application to amend the notice of appeal in this case after the time to appeal has expired by stating therein for the first time any ground for appeal, is in effect an extension of time within which to appeal. Had the original notice of appeal been timely and had it stated some ground for appeal, it might be and probably would be within the discretion of the surrogate to permit an amendment curing any defects which occurred through mistake, inadvertence or excusable neglect, even after the time to appeal had expired. The facts here, however, present quite a different situation and I accordingly hold that the surrogate in this case has no power to permit an amendment to the notice of appeal as filed after the time to appeal has expired, and as the original notice was not filed in time the appeal must be dismissed.

An order may be prepared and entered in accordance with this memorandum.